UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:11-cv-00695-JES-DNF

FRANZ LESTI and PETRA RICHTER,
Individually and on Behalf of All Others
Similarly Situated,

-and-

ROBERT E. TARDIF, JR., in his capacity
as the Chapter 7 Trustee of the
substantively consolidated bankruptcy
estates of Debtors, Ulrich Felix Anton
Engler, Private Commercial Office, Inc.,
and PCO Client Management, Inc.,

                Plaintiffs,

    vs.

WELLS FARGO BANK, N.A. (f/k/a
Wachovia Bank, N.A.),

                Defendant.

_____/

## AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs FRANZ LESTI and PETRA RICHTER ("Lesti" and "Richter," respectively, or collectively the "Wells Fargo Plaintiffs"), Plaintiffs CHRISTA and HUBERT MILLENTRUP, HERBERT SCHICKLE, HANS and KÄTHI ZWICKY, and WOLF VON LOEBEN ("Millentrup," "Schickle," "Zwicky," and "Von Loeben," respectively, or collectively the "SunTrust Plaintiffs," or together with the Wells Fargo Plaintiffs the "Class Action Plaintiffs"), individually and on behalf of all others similarly situated, and ROBERT E. TARDIF, JR. (the "Bankruptcy Trustee"), in his capacity as the Chapter 7 Trustee of the substantively consolidated bankruptcy estates of ULRICH FELIX ANTON ENGLER, PRIVATE

1

COMMERCIAL OFFICE, INC., and PCO CLIENT MANAGEMENT, INC. ("Engler," "Private Commercial Office," and "PCO Client Management," respectively, or collectively the "Debtors"), hereby sue defendants WELLS FARGO BANK, N.A. (formerly known as Wachovia Bank, N.A.) ("Wells Fargo") and SUNTRUST BANK ("SunTrust") and allege as follows:

## NATURE OF THE ACTION

1.       In this action, the Class Action Plaintiffs assert claims against SunTrust and Wells Fargo for aiding and abetting conversion, aiding and abetting fraud, aiding and abetting breach of fiduciary duties, and unjust enrichment.  The Bankruptcy Trustee also asserts claims against SunTrust and Wells Fargo for negligence and wire transfer liability.

2.       As more specifically alleged herein in exacting detail, SunTrust gained actual knowledge by May 2007 (at the latest) that Engler was engaged in criminal conduct and was utilizing SunTrust bank accounts (including the account of Private Commercial Office) as a mere filter to secure and convert innocent investor funds.  Rather than immediately discontinuing the processing of receipts and disbursements to and from the Engler accounts, SunTrust consciously rendered substantial assistance to Engler by continuing to process numerous receipts and disbursements of innocent investor funds in the form of international wire transfers to and from the Engler accounts, thereby enabling Engler to loot over $35 million from innocent investors. SunTrust generated substantial fees as a result of its continued processing of receipts and disbursements of innocent investor funds to and from the Engler accounts.

3.       On or about June 8, 2007, SunTrust issued a 314(b) request under the USA PATRIOT Act to Wells Fargo concerning suspicious activities in Engler's accounts and a $7 million check issued by Private Commercial Office to PCO Client Management.

4.       On June 28, 2007, SunTrust sent a letter to Private Commercial Office stating that account numbers 01568810004251 and 1000051506748 (collectively, the "Private Commercial

Office SunTrust Accounts") should be closed voluntarily by July 30, 2007, or would be closed involuntarily by such date, based upon a recent account review and consistent with the best interests of SunTrust and its customers.  Not surprisingly, upon receipt of SunTrust's letter, Engler thereupon siphoned off the remaining balances in the SunTrust accounts totaling over $35 million.

5.      Wells Fargo gained actual knowledge by June 2007 that Angelika Neumeier-Fuchs ("Fuchs") was utilizing recently established Wells Fargo accounts (including the account of PCO Client Management) as a mere filter so that Engler could continue perpetrating his fraudulent actions in securing and converting innocent investor funds.  Rather than immediately discontinuing the processing of receipts and disbursements to and from the Fuchs/PCO Client Management accounts, Wells Fargo consciously rendered substantial assistance to Engler by continuing to process thousands of monthly receipts and disbursements of innocent investor funds totaling tens of millions of dollars per month in the form of international wire transfers to and from the Fuchs/PCO Client Management accounts, thereby enabling Engler to loot over $35 million from innocent investors.  Wells Fargo generated substantial transaction/service fees as a result of its continued processing of receipts and disbursements of innocent investor funds to and from the Fuchs/PCO Client Management accounts.

6.      Indeed, although Wells Fargo sent a letter to PCO Client Management on or about July 10, 2007 stating that account numbers 2000031965057 and 2000028877271 (collectively, the PCO Client Management Wells Fargo Accounts") should be closed voluntarily by August 21, 2007, or would be closed involuntarily by such date, because PCO Client Management's needs and/or expectations were not compatible with what Wells Fargo was in a position to offer, Wells Fargo continued to process thousands of monthly receipts and disbursements of innocent investor

funds totaling tens of millions of dollars per month to and from the Fuchs/PCO Client Management accounts. This continued for many months – until in or about January 2008 – simply so that Wells Fargo could collect transaction/service fees and "to clear up any wire issues."

7.      SunTrust's and Wells Fargo's actual knowledge and substantial assistance are not based on mere speculation and conjecture. They are based on uncontroverted facts demonstrated by numerous documents obtained by the Bankruptcy Trustee in related bankruptcy proceedings, many of which are attached to this complaint and incorporated herein by reference.

8.      The claims of the Class Action Plaintiffs and the Bankruptcy Trustee accrued on April 29, 2008, when the United States Bankruptcy Court for the Middle District of Florida entered Orders for Relief against the Debtors in Case Number 08-04360-MGW (the "Bankruptcy Case").

## THE PARTIES

9.      Lesti is, and at all material times was, a resident and citizen of Erdweg, Germany. Lesti was an innocent investor who deposited $50,000 into PCO Client Management's Wells Fargo Accounts during the Class Period. Lesti lost most or all of his investment when the Ponzi scheme collapsed upon the entry of the Orders for Relief in the Bankruptcy Case and suffered damages as a result of Wells Fargo's misconduct. Lesti is a creditor of the Debtors' substantively consolidated bankruptcy estates.

10.     Richter is, and at all material times was, a resident and citizen of Berlin, Germany. Richter was an innocent investor who deposited $6,500 into PCO Client Management's Wells Fargo Accounts during the Class Period. Richter lost most or all of her investment when the Ponzi scheme collapsed upon the entry of the Orders for Relief in the

Bankruptcy Case and suffered damages as a result of Wells Fargo's misconduct. Richter is a creditor of the Debtors' substantively consolidated bankruptcy estates.

11.     Millentrup is, and at all material times was, a resident and citizen of Vellberg, Germany. Millentrup was an innocent investor who deposited $25,000 into Private Commercial Office's SunTrust Accounts during the Class Period. Millentrup lost most or all of his investment when the Ponzi scheme collapsed upon the entry of the Orders for Relief in the Bankruptcy Case and suffered damages as a result of SunTrust's misconduct. Millentrup is a creditor of the Debtors' substantively consolidated bankruptcy estates.

12.     Schickle is, and at all material times was, a resident and citizen of Karlsruhe, Germany. Schickle was an innocent investor who deposited $56,000 into Private Commercial Office's SunTrust Accounts during the Class Period. Schickle lost most or all of his investment when the Ponzi scheme collapsed upon the entry of the Orders for Relief in the Bankruptcy Case and suffered damages as a result of SunTrust's misconduct. Schickle is a creditor of the Debtors' substantively consolidated bankruptcy estates.

13.     Zwicky is, and at all material times was, a resident and citizen of Schweiz, Germany. Zwicky was an innocent investor who deposited $50,000 into Private Commercial Office's SunTrust Accounts during the Class Period. Zwicky lost most or all of his investment when the Ponzi scheme collapsed upon the entry of the Orders for Relief in the Bankruptcy Case and suffered damages as a result of SunTrust's misconduct. Zwicky is a creditor of the Debtors' substantively consolidated bankruptcy estates.

14.     Von Loeben is, and at all material times was, a resident and citizen of Karlsruhe, Germany. Von Loeben took an assignment of claims from innocent investors Bernd von Loeben and Wolf-Henrik von Loeben, who deposited $190,000 into Private Commercial Office's

SunTrust Accounts during the Class Period.  Von Loeben lost most or all of his investment when the Ponzi scheme collapsed upon the entry of the Orders for Relief in the Bankruptcy Case and suffered damages as a result of SunTrust's misconduct.  Von Loeben is a creditor of the Debtors' substantively consolidated bankruptcy estates.

15.     The Bankruptcy Trustee is, and at all material times was, the duly appointed and acting Chapter 7 Trustee of the Debtors' substantively consolidated bankruptcy estates and, as such, is a resident and citizen of the State of Florida.

16.     SunTrust is a Georgia banking corporation with its principal place of business located at 303 Peachtree Street N.E., 36th Floor, Atlanta, Georgia 30308.  SunTrust is authorized to conduct business, and does conduct business, in the State of Florida and has a registered agent located in Orlando, Florida.  Private Commercial Office's SunTrust Accounts at issue herein were opened in the State of Florida.  SunTrust is subject to the personal jurisdiction of this Court pursuant to, *inter alia*, Section 48.193 of the Florida Statutes because it is a foreign corporation authorized to conduct, and actually conducting, business in the State of Florida.  SunTrust has engaged, and regularly engages, in substantial and not isolated activity within the State of Florida.  Additionally, SunTrust committed a tortious act within this State and the causes of action alleged herein accrued in the State of Florida.  Accordingly, the exercise of personal jurisdiction over SunTrust does not offend traditional notions of fair play and substantial justice and otherwise comports with the due process clause of the United States Constitution.

17.     Wells Fargo is a Delaware corporation with its corporate headquarters located at 420 Montgomery Street, San Francisco, California 94163, and is a successor in interest by merger with Wachovia Bank, N.A.  Wells Fargo is authorized to conduct business, and does conduct business, in the State of Florida and has a registered agent located in Tallahassee,

Florida.  PCO Client Management's Wells Fargo Accounts at issue herein were opened in the State of Florida.  Wells Fargo is subject to the personal jurisdiction of this Court pursuant to, *inter alia*, Section 48.193 of the Florida Statutes because it is a foreign corporation authorized to conduct, and actually conducting, business in the State of Florida.  Wells Fargo has engaged, and regularly engages, in substantial and not isolated activity within the State of Florida.  Additionally, Wells Fargo committed a tortious act within this State and the causes of action alleged herein accrued in the State of Florida.  Accordingly, the exercise of personal jurisdiction over Wells Fargo does not offend traditional notions of fair play and substantial justice and otherwise comports with the due process clause of the United States Constitution.

## JURISDICTION AND VENUE

18.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2) because this matter is a class action with an amount in controversy that exceeds $5,000,000 (exclusive of interest and costs), there are thousands of proposed class members, and members of the proposed class (the "Class"), as well as the Bankruptcy Trustee, are citizens of states different than SunTrust and Wells Fargo.

19.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District.  In addition, SunTrust and Wells Fargo are subject to personal jurisdiction in this District.

## THE CHAPTER 7 TRUSTEE'S AUTHORITY TO FILE AND PROSECUTE SUITS

20.     On March 31, 2008 (the "Petition Date"), a group of creditors commenced the Bankruptcy Case by  filing involuntary petitions for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

21.     On April 29, 2008, the Bankruptcy Court entered Orders for Relief against the Debtors.

22.     On April 30, 2008, the Bankruptcy Trustee was appointed and continues to act as the permanent trustee for the Debtors' bankruptcy estates.

23.     On June 24, 2008 and April 23, 2010, the Bankruptcy Court entered Orders substantively consolidating the assets and liabilities of the Debtors' bankruptcy estates.

24.     By virtue of his position as the Bankruptcy Trustee of the Debtors' substantively consolidated estates, and in accordance with his statutory and fiduciary duties under the Bankruptcy Code, the Bankruptcy Trustee has exclusive standing to bring certain of the claims asserted herein on behalf of the Debtors' creditor body.

## SUBSTANTIVE FACTUAL ALLEGATIONS

A.     THE PONZI SCHEME

25.     Engler was a German citizen who owned and who purported to operate Private Commercial Office as a highly profitable day trading and investment business in the Middle District of Florida.

26.     Engler solicited investments from individuals and entities primarily located in Europe by means of newspaper advertisements, telephone solicitations, and through use of the mails and wires.

27.     In his solicitations, Engler falsely claimed that he was formerly employed by Chase Manhattan Bank for 21 years and that he held the position of Chief Trader for derivatives and bank guaranties for 10 years.  Engler purported to be a highly experienced investor who had a long history of generating significant investment returns through "conservative" day trading activities on the stock exchange.  Engler represented that he possessed sophisticated software that was capable of analyzing approximately 35,000 shares of stock every five seconds and that he was therefore capable of capturing significant investment returns before other day traders or

investment bankers.  Engler guaranteed annualized returns of 48% to 72% in his solicitation materials.

28.     The investments were documented by a Promissory Note and Loan Agreement between Private Commercial Office and Engler, as Borrowers, and the investors, as Lender and provided that the "loan" should be made payable to the Borrowers' order at a designated account at SunTrust (prior to May 2007) or Wells Fargo (subsequent to May 2007).

29.     Engler never engaged in day trading activities on behalf of the investors but, rather, simply used funds paid by later investors in order to repay earlier investors and for lavish personal expenditures.   That is, Engler operated a classic Ponzi scheme.

30.     On December 4, 2007, the County Court of Mannheim, Germany issued an international warrant for Engler's arrest (the "Arrest Warrant").

31.     On April 21, 2008, the Public Prosecutor's Office of Mannheim, Germany issued a request for Engler's arrest and extradition to the United States Government (the "Extradition Request").

32.     Engler is currently a fugitive from justice.

33.     As of March 27, 2012, 1,225 Proofs of Claim in the aggregate amount of $313,132,754.01 were filed in the Engler bankruptcy case and 210 Proofs of Claim in the aggregate amount of $205,085,382.63 were filed in the Private Commercial Office bankruptcy case.

B.      SUNTRUST'S CUSTOMER AND THEIR BANKING RELATIONSHIP

34.     When Engler opened the Private Commercial Office SunTrust Accounts on or about January 1, 2006, SunTrust knew that Engler was a German national who purported to

conduct a day trading/investment business from 1217 Cape Coral Parkway, Suite 121, Cape Coral, Florida.

35.    If SunTrust had properly discharged its "know your customer" obligations and conducted appropriate customer and/or enhanced due diligence, which it did not, SunTrust would have learned that Engler possessed no occupational or professional licenses, the office location provided to SunTrust by Engler was actually a mail slot at a UPS Store, and Engler had a criminal record in Germany resulting from the following offenses: (i) judgment of Riedlingen District Court – Ds 80/92 – of April 14, 1993 owing to the misuse of credit cards to three months imprisonment on probation, which was revoked; (ii) judgment of Boblingen District Court – 6 Cs 1086/95 – of December 6, 1995 owing to joint fraud in 15 cases to a total fine of 120 per diem rates at DM 30.00 each, a total of thus DM 3,600.00; (iii) judgment of Munich District Court – 8140 Ds 235 Js 65057/94 – of June 27, 1996 owing to fraud in 14 cases to ten months imprisonment – on probation; and (iv) Engler was wanted for arrest based on the warrant of arrest of Hamburg District Court – 163 Gs 585/06 – of June 28, 2006.

36.    Engler maintained the following accounts at SunTrust Bank: (i) Private Commercial Office, Inc., Account No. 0156810004251; (ii) Private Commercial Office, Inc. Land Development Group, Account No. 1000051506748; (iii) Roots of Bavaria, Inc., Account No. 0156810003999; and (iv) US National Payphone Administration, Inc., Account No. 0156810003883 (collectively, the "Engler Accounts").

37.    On average, the Private Commercial Office SunTrust Accounts received deposits totaling approximately $24 million *per month* in the form of international wire transfers (primarily from Austria and Germany) stating on their face that they were for "loans," "loan agreements," "promissory notes," "daytrading," or setting forth "contract numbers," and made

10

disbursements totaling approximately the same amount *per month* in the form of international wire transfers stating on their face that they were payments to individuals or for commissions.

38.     Notably, the sole source of receipts into the Private Commercial Office SunTrust Accounts were the international wire transfers referenced above (rather than more traditional forms of revenue or income) and the sole source of disbursements out of the accounts were international wire transfers to innocent investors and commission payments or domestic wire transfers for lavish living expenditures including purchases of jewelry, precious metals, exotic cars, and private jet transportation (rather than for payroll expenses, tax withholdings, stock purchases, etc.).

C.     SUNTRUST ACQUIRES ACTUAL KNOWLEDGE OF ENGLER'S FRAUDULENT USE OF PRIVATE COMMERCIAL OFFICE'S SUNTRUST ACCOUNTS.

39.     On November 22, 2006, the Austrian Financial Market Authority ("AFMA") published an announcement in the official gazette "Amtsblatt zur Wiener Zeitung" warning the general public that: (i) they should not engage in any financial services with Private Commercial Office and Engler; (ii) Private Commercial Office and Engler were not authorized by the AFMA; (iii) Private Commercial Office and Engler were not entitled to provide investment advice concerning client funds, to manage client portfolios in accordance with mandates given by investors or to broker business opportunities for the acquisition or sale of certain financial instruments; and (iv) the action comes as a result of several inquiries and complaints by investors in Austria (the "AFMA Warning Notification Letter").  A true and correct copy of the AFMA Warning Notification Letter is attached hereto as *Exhibit 1* and is incorporated herein by this reference.

40.     On March 1, 2007, JPMorgan Chase Bank, N.A. filed suit for injunctive relief and damages for false association, for dilution of and injury to business reputation, and for common

law unfair competition against Engler and Private Commercial Office in the United States District Court for the Middle District of Florida, Case Number 2:07-cv-00124-JES-DNF (the "JP Morgan Suit") pertaining to Engler's false representations concerning his prior employment with Chase Manhattan Bank.  On September 18, 2007, the Court entered a Final Consent Judgment And Permanent Injunction against Engler and Private Commercial Office in the JP Morgan Suit.

41.     In May 2007, A E Centurion Bank refused to process several wire transfers involving Private Commercial Office's SunTrust Accounts due to an internal risk management policy decision *and so notified SunTrust*.  A sampling of Transaction Detail Reports whereby A E Centurion Bank communicated this information to SunTrust are attached hereto as *Composite Exhibit 2* and are incorporated herein by this reference.

42.     In an e-mail from SunTrust's counsel to the Bankruptcy Trustee's counsel (*i.e.*, an admission by a party opponent's representative), SunTrust stated as follows: "SunTrust had been 'tipped off' by American Express.  It appears that a number of financial institutions were sharing information with each other about [Private Commercial Office].  The attached [AFMA Warning Notification Letter] eventually came to light during this information sharing process."  A true and correct copy of SunTrust's e-mail is attached hereto as *Exhibit 3* and is incorporated herein by this reference.

43.     On or about June 8, 2007, SunTrust issued a 314(b) request to Wells Fargo pursuant to the USA PATRIOT Act which, according to an Investigations Case Summary prepared by Wells Fargo, stated as follows:

> "Scott advised Sun Trust received negative news on their customer Private
> Commercial Office and that their customer issued a check that was deposited into
> a client's Wachovia account, PCO Client Management Inc in the amount of
> $7,000,000 on June 1, 2007.  Private Commercial Office was the subject of a
> warning notification letter submitted by the Austrian Financial Market Authority
> following complaints received by investors in that country.  Scott also advised

> Sun Trust had not been able to identify any specific BSA violations but recent activity with the client has led to increased suspicious. Their customer receives about $24 million in foreign wires, mainly from Austria and Germany each month which is then wired out to individuals. The company claims to be a stock day trading/investment company. The first address Ulrich Engler, the owner of the business gave for the business was actually the address of a UPS Store. He was asked for an updated address. The new address turned out to be a private residence owned by a family who had been there for several years. He was sent a list of questions to answer about the nature of the business but has not answered. Sun Trust requested Wachovia share any information found regarding the client that might be deemed suspicious. . . ."

True and correct copies of an e-mail transmitting SunTrust's 314(b) request and the Investigations Case Summary are attached hereto as **Composite Exhibit 4** and are incorporated herein by this reference.

44.     On June 28, 2007, SunTrust sent a letter to Private Commercial Office stating that account numbers 01568810004251 and 1000051506748 (the above-defined Private Commercial Office SunTrust Accounts) should be closed voluntarily by July 30, 2007, or would be closed involuntarily by such date, based upon a recent account review and consistent with the best interests of SunTrust and its customers. A true and correct copy of the SunTrust account closure letter is attached hereto as **Exhibit 5** and is incorporated herein by this reference.

45.     Notwithstanding SunTrust's actual knowledge of Engler's fraudulent use of Private Commercial Office's SunTrust Accounts by May 2007 (at the latest), SunTrust consciously rendered substantial assistance to Engler by continuing to process numerous receipts and disbursements of innocent investor funds in the form of international wire transfers to and from the accounts and thereby enabled Engler to loot over $35 million from innocent investors.

D.     WELLS FARGO'S CUSTOMER, THEIR BANKING RELATIONSHIP, AND ACTUAL KNOWLEDGE THAT PCO CLIENT MANAGEMENT'S WELLS FARGO ACCOUNTS WERE BEING USED AS A MERE FILTER SO THAT ENGLER COULD CONTINUE PERPETRATING HIS FRAUD.

46.     When Fuchs opened the PCO Client Management Wells Fargo Accounts on or about May 29, 2007, Wells Fargo knew that (i) Fuchs was a German national; (ii) Fuchs was associated with Engler; (iii) PCO Client Management purported to conduct billing services for Private Commercial Office from the same office location as Private Commercial Office (the mail slot at the UPS Store); (iv) PCO Client Management's sole client was Private Commercial Office; (v) PCO Client Management obtained funds from Private Commercial Office and paid Private Commercial Office's bills with such funds; (vi) PCO Client Management deposited a $7 million check drawn on Private Commercial Office's SunTrust Account into its Wells Fargo Account on or about May 30, 2007; and (vi) Fuchs intended to initiate approximately 1700 wires per month to Germany, Austria, the Netherlands, and Italy.

47.     Shortly thereafter, on or about June 8, 2007, Wells Fargo received the 314(b) request and the AFMA Warning Notification Letter from SunTrust.

48.     The AFMA Warning Notification Letter received by Wells Fargo stated:

Pursuant to Article 24 para 6 of the Wertpapieraufsichtsgesetz (WAG; Austrian Securities Supervision Act) the Austrian Financial Market Authority (FMA) is entitled to inform the general public by publication in an official bulletin published nationwide that a particular company is not authorized to provide certain financial services (as stipulated in Section 1 para 1 no. 19 of the Bankwesengesetz (BWG; Austrian Banking Act)).  With the announcement in the official gazette "Amtsblatt zur Wiener Zeitung" on 22 November 2006 the FMA makes used[*sic*] of its right and warns against doing any financial services business with the following company

***Private Commercial Office, Inc, Engler, Ulrich with the alleged location in 1217 Cape Coral Pkwy, #121, Cape Coral, Florida 33904, USA***

***This company is not authorized by the FMA.  Therefore it is not entitled to provide investment advice concerning client funds, to manage client portfolios in accordance with mandates given by investors or to broker business opportunities for the acquisition or sale of certain financial instruments.  This action by the FMA comes as a result of several inquiries and complaints by investors in Austria.***

49.     On July 10, 2007, Wells Fargo sent a letter to PCO Client Management stating that account numbers 2000031965057 and 2000028877271 (the above-defined PCO Client Management Wells Fargo Accounts) should be closed voluntarily by August 21, 2007, or would be closed involuntarily by such date, because PCO Client Management's needs and/or expectations were not compatible with what Wells Fargo was in a position to offer.  A true and correct copy of the Wells Fargo account closure letter is attached hereto as ***Exhibit 6*** and is incorporated herein by this reference.

50.     Despite Wells Fargo's actual knowledge by June 2007 that Fuchs was utilizing the PCO Client Management Wells Fargo Accounts as a mere filter so that Engler could continue perpetrating his fraud and had expressed its intention to close the accounts by August 21, 2007, Wells Fargo made the conscious decision to keep the accounts open until in or about January 2008 so that it could ensure collection of transaction/service fees and "to clear up any wire issues."

51.     Of course, Wells Fargo's self-interested decision to keep the PCO Client Management Wells Fargo Accounts open was in total disregard, and at the expense of, the unknowing, innocent investors who continued to deposit funds totaling tens of millions of dollars into such accounts.

52.     According to an e-mail dated July 10, 2007, a Wells Fargo representative expressed her belief that "if there was a 'warning' out there and someone still wanted to do business, it was 'at their own risk'.  Sort of like when you read complaints about companies with the better business bureau….."  A true and correct copy of the e-mail is attached hereto as ***Exhibit 7*** and is incorporated herein by this reference.

53.     In fact, Fuchs repeatedly requested that Wells Fargo close the accounts as stated in the Wells Fargo account closure letter in order to avoid further transaction/service fees, but Wells Fargo purposefully delayed closure of the accounts out of pure self-interest and, on at least one occasion, delayed processing a check in order "to protect the bank."

54.     According to Wells Fargo's Investigations Case Summary: (i) the PCO Client Management accounts at Wells Fargo were funded entirely by transfers from Private Commercial Office and international wire transfers (many from the same countries referenced in the AFMA Warning Notification Letter); (ii) there were 1675 wire transfers from the accounts totaling $10,301,639.13 and 14 transfers into the account totaling $10,193,745.88 during the month of June 2007; (iii) there were 1701 wire transfers from the accounts totaling $8,914,329.14 and 61 credits into the account totaling $8,803,937.29 in the first ten days of July 2007.

55.     In an e-mail dated December 10, 2007, a Wells Fargo representative stated "[c]an you believe that they never closed her account, she is so upset.  Now it is showing a – 8K.  How does something so easy get so messed up.  Who sent this letter and was suppose [sic] to close these accounts has been awful at communication, taking action, and follow-up."   A true and correct copy of the e-mail is attached hereto as ***Exhibit 8*** and is incorporated herein by this reference.

56.     Wells Fargo rendered substantial assistance to Engler by continuing to process thousands of monthly receipts and disbursements of innocent investor funds totaling tens of millions of dollars per month in the form of international wire transfers to and from the PCO Client Management Wells Fargo Accounts, all while in possession of actual knowledge of Engler's illegal activity.

57.     Wells Fargo generated substantial transaction/service fees as a result of its continued processing of receipts and disbursements of innocent investor funds to and from the PCO Client Management Wells Fargo Accounts which, upon information and belief, averaged $30,000 per month.

## CLASS ACTION ALLEGATIONS

58.     The Class Action Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b) on behalf of themselves and all others similarly situated as members of the following class:

> All persons who are creditors of the substantively consolidated bankruptcy estate of Ulrich Engler, Private Commercial Office, Inc. and PCO Client Management, Inc. in *In re Ulrich Felix Anton Engler, Private Commercial Office, Inc. & PCO Client Mgmt., Inc.*, Case No. 9:08-bk-04360-MGW (Bankr. M.D. Fla.) (Substantively Consolidated Chapter 7 Proceedings), and who, within the applicable statute of limitations as of the date of the commencement of this action, lost any money invested in or paid to Private Commercial Office or PCO Client Management that was wired into or out of, directly or indirectly, a SunTrust and/or Wells Fargo account controlled by Private Commercial Office, Inc., PCO Client Management, Inc., or any officers, agents, or representatives of Private Commercial Office, Inc. or PCO Client Management, Inc. (the "Class").

59.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment, amended complaint, or the Class Action Plaintiffs' motion for class certification.  Specifically excluded from the proposed Class are the Defendants, their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by the Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with the Defendants and/or their officers and/or directors, or any of them; the Judge assigned to this action, and any member of the Judge's immediate family.

60.  <u>Numerosity</u>.  The members of the Class are so numerous that their individual joinder is impracticable.  The Class Action Plaintiffs are informed and believe, and on that basis allege, that the Class contains at least hundreds of members.  The precise number of Class members is unknown to the Class Action Plaintiffs.  The true number of Class members are known by the Defendants and can be ascertained by reviewing the documents from the bankruptcy proceedings, however, and thus, such members may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

61.  <u>Existence and Predominance of Common Questions of Law and Fact</u>.  Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members.  These common legal and factual questions include, but are not limited to, the following:

a)  Whether SunTrust and/or Wells Fargo aided and abetted Private Commercial Office's and/or PCO Client Management's breaches of fiduciary duties owed to the Class members;

b)  Whether SunTrust and/or Wells Fargo aided and abetted Engler's, Private Commercial Office's, and/or PCO Client Management's conversion of the Class members' funds;

c)  Whether SunTrust and/or Wells Fargo aided and abetted the fraud Engler, Private Commercial Office, and/or PCO Client Management perpetrated on the Class members; Whether SunTrust and/or Wells Fargo were unjustly enriched; and

d)  Whether SunTrust and/or Wells Fargo should be ordered to disgorge any and all monies unlawfully obtained in connection with its failure to terminate Private

Commercial Office's SunTrust Accounts and/or PCO Client Management's Wells Fargo Accounts.

62.     Typicality.  The Class Action Plaintiffs' claims are typical of the claims of the members of the Class in that, among other things, SunTrust and/or Wells Fargo caused them damages by failing to take proper steps to avoid aiding and abetting conversion, fraud, and breaches of fiduciary duties owed to the Class members.

63.     Adequacy of Representation.  The Class Action Plaintiffs will fairly and adequately protect the interests of the members of the Class.  The Class Action Plaintiffs have retained counsel highly experienced in complex consumer class action litigation, and they intend to prosecute this action vigorously.  The Class Action Plaintiffs have no interests adverse or antagonistic to those of the Class.

64.     Superiority.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the Defendants.  It would thus be virtually impossible for Class members, on an individual basis, to obtain effective redress for the wrongs done to them.  Furthermore, even if Class members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

65.     In the alternative, the Class may be also certified because:

a)     the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for the Defendants; and/or

b)     the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

66.     Adequate notice can be given to Class members directly using information maintained in Defendants' records and/or through notice by publication.

67.     Compensatory damages may be calculated, in part, from the information maintained in Defendants' records, as well as the records of members of the Class, so that the cost of administering a recovery for the Class can be minimized.  However, the precise amount of damages available to the Class Action Plaintiffs and the other members of the Class is not a barrier to class certification.

## CAUSES OF ACTION

### COUNT I

**Aiding and Abetting Conversion Against SunTrust**
**(On Behalf of the SunTrust Plaintiffs)**

68.     The SunTrust Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

69.     Engler and Private Commercial Office wrongfully asserted dominion and control over the innocent investor funds deposited into Private Commercial Office's SunTrust Accounts

by converting those funds for Engler's personal use and/or benefit, causing financial injury and damage to Private Commercial Office's innocent investors.

70.     SunTrust had actual knowledge of Engler's fraudulent use of Private Commercial Office's SunTrust Accounts in securing and converting funds from innocent investors by virtue of, among other things: (i) the AFMA Warning Notification Letter dated November 22, 2006; (ii) the JP Morgan Suit commenced on March 1, 2007; (iii) A E Centurion Bank's refusal to process numerous wire transfers due to an internal risk management policy decision in or about May 2007; (iv) an account review and internal investigation; and (v) the 314(b) request it issued to Wells Fargo.

71.     SunTrust consciously rendered substantial assistance to, and aided and abetted Engler's conversion of innocent investor funds, by continuing to process numerous receipts and disbursements of innocent investor funds in the form of international wire transfers to and from Private Commercial Office's SunTrust Accounts and thereby causing losses exceeding $35 million.

72.     SunTrust is therefore liable for all damages actually and proximately caused to Private Commercial Office's innocent investors as a result of Engler's and Private Commercial Office's conversion of their funds.

WHEREFORE, the SunTrust Plaintiffs seek, individually and on behalf of the Class, an order:

A.     Certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing the SunTrust Plaintiffs and their legal counsel to represent the Class;

21

B.      Entering a judgment against SunTrust for actual compensatory, consequential, incidental, special, and exemplary/punitive damages in an amount to be proven at trial;

C.      Granting such civil penalties as allowed by law;

D.      Granting pre-judgment and post-judgment interests and costs as allowed by law; and

E.      Granting any other relief the Court deems just and proper.

## COUNT II

### Aiding and Abetting Fraud Against SunTrust
### (On Behalf of the SunTrust Plaintiffs)

73.     The SunTrust Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 67 as though fully set forth herein.

74.     Engler perpetrated the fraud as set forth herein.

75.     SunTrust had actual knowledge of Engler's fraud by virtue of, among other things: (i) the AFMA Warning Notification Letter dated November 22, 2006; (ii) the JP Morgan Suit commenced on March 1, 2007; (iii) A E Centurion Bank's refusal to process numerous wire transfers due to an internal risk management policy decision in or about May 2007; (iv) an account review and internal investigation; and (v) the 314(b) request it issued to Wells Fargo.

76.     SunTrust consciously rendered substantial assistance to, and aided and abetted Engler's fraud, by continuing to process numerous receipts and disbursements of innocent investor funds in the form of international wire transfers to and from Private Commercial Office's SunTrust Accounts and thereby causing losses exceeding $35 million.

77.     SunTrust is therefore liable for all damages actually and proximately caused to Private Commercial Office's innocent investors as a result of Engler's fraud.

WHEREFORE, the SunTrust Plaintiffs seek, individually and on behalf of the Class, an order:

A.     Certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing the SunTrust Plaintiffs and their legal counsel to represent the Class;

B.     Entering a judgment against SunTrust for actual compensatory, consequential, incidental, special, and exemplary/punitive damages in an amount to be proven at trial;

C.     Granting such civil penalties as allowed by law;

D.     Granting pre-judgment and post-judgment interests and costs as allowed by law; and

E.     Granting any other relief the Court deems just and proper.

## COUNT III

**Aiding and Abetting Breach of Fiduciary Duties Against SunTrust**
**(On Behalf of the SunTrust Plaintiffs)**

78.     The SunTrust Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 67 as though fully set forth herein.

79.     Engler owed a fiduciary duty to Private Commercial Office's creditors/innocent investors because it continually operated in the zone of insolvency since in or about January 2005.

80.     Engler was required to discharge his fiduciary duty to Private Commercial Office's creditors/innocent investors in good faith, with ordinary care, and in a manner reasonably believed to be in their best interests.

81.     Engler breached his fiduciary duty to Private Commercial Office's creditors/innocent investors by engaging in the above-referenced Ponzi scheme and utilizing funds converted from later investors in order to repay converted funds owed to earlier investors.

82.     Engler's breach of fiduciary duties owed to Private Commercial Office's creditors/innocent investors actually and proximately caused financial injury to those parties.

83.     SunTrust had actual knowledge of Engler's breaches of fiduciary duty to Private Commercial Office's creditors/innocent investors by virtue of, among other things: (i) the AFMA Warning Notification Letter dated November 22, 2006; (ii) the JP Morgan Suit commenced on March 1, 2007; (iii) A E Centurion Bank's refusal to process numerous wire transfers due to an internal risk management policy decision in or about May 2007; (iv) an account review and internal investigation; and (v) the 314(b) request it issued to Wells Fargo.

84.     SunTrust consciously rendered substantial assistance to, and aided and abetted Engler's breaches of fiduciary duties to Private Commercial Office's creditors/innocent investors, by continuing to process numerous receipts and disbursements of innocent investor funds in the form of international wire transfers to and from Private Commercial Office's SunTrust Accounts and thereby causing losses exceeding $35 million.

85.     SunTrust is therefore liable for all damages actually and proximately caused to Private Commercial Office's creditors/innocent investors as a result of Engler's breaches of fiduciary duty.

WHEREFORE, the SunTrust Plaintiffs seek, individually and on behalf of the Class, an order:

A.      Certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing the SunTrust Plaintiffs and their legal counsel to represent the Class;

B.      Entering a judgment against SunTrust for actual compensatory, consequential, incidental, special, and exemplary/punitive damages in an amount to be proven at trial;

C.      Granting such civil penalties as allowed by law;

D.      Granting pre-judgment and post-judgment interests and costs as allowed by law; and

E.      Granting any other relief the Court deems just and proper.

## COUNT IV

### Unjust Enrichment Against SunTrust
### (On Behalf of the SunTrust Plaintiffs)

86.     The SunTrust Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 67 as though fully set forth herein.

87.     Private Commercial Office conferred a benefit upon SunTrust by making wire transfers into and out of Private Commercial Office's SunTrust Accounts, thereby accruing significant transaction/service fees, which Private Commercial Office paid with misappropriated investor funds to SunTrust.

88.     SunTrust knowingly and voluntarily accepted and retained the benefits conferred by Private Commercial Office with respect to such transaction/service fees.

89.     SunTrust has been unjustly enriched at the expense of Private Commercial Office's innocent investors.

90. The circumstances are such that it would be inequitable and unjust for SunTrust to retain the benefits conferred by Private Commercial Office without paying Private Commercial Office's innocent investors the value thereof.

91. Private Commercial Office's innocent investors are entitled to the return of those amounts by which SunTrust was unjustly enriched, through disgorgement or another appropriate remedy.

WHEREFORE, the SunTrust Plaintiffs seek, individually and on behalf of the Class, an order:

A. Certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing the SunTrust Plaintiffs and their legal counsel to represent the Class;

B. Entering a judgment against SunTrust for actual compensatory, consequential, incidental, special, and exemplary/punitive damages in an amount to be proven at trial;

C. Granting such civil penalties as allowed by law;

D. Granting pre-judgment and post-judgment interests and costs as allowed by law; and

E. Granting any other relief the Court deems just and proper.

## COUNT V

### Negligence and Wire Transfer Liability Against SunTrust
### (On Behalf of the Bankruptcy Trustee)

92. The Bankruptcy Trustee hereby incorporates the allegations set forth in paragraphs 1 through 57 as though fully set forth herein.

93. This is an action seeking damages from SunTrust based upon negligence and wire transfer liability relating to wire transfers conducted at the direction of debtor, Private

Commercial Office, and the subsequent wrongful and improper transfer of funds related to such wire transfers.

94.     At all material times, Engler, through others upon his instructions, authorized and directed *via* wire instructions, wire transfers in excess of tens of millions of dollars in funds on despite in Private Commercial Office's SunTrust Accounts (the "SunTrust Wire Transfers").

95.     Pursuant to applicable laws, including but not limited to Chapter 670 of the Florida Statutes, SunTrust owed a duty of care to Private Commercial Office to correctly, cautiously, and prudently process the SunTrust Wire Transfers subject to commercially reasonable security procedures.

96.     SunTrust breached its duty of care owed to Private Commercial Office by violating prudent and sound banking practices and procedures as more fully identified above and/or lacking good faith in processing and/or effectuating the SunTrust Wire Transfers based upon its actual knowledge of Engler's fraudulent use of Private Commercial Office's SunTrust Accounts to secure and convert innocent investor funds.

97.     In keeping Private Commercial Office's SunTrust Accounts open and processing the SunTrust Wire Transfers after it obtained actual knowledge of Engler's fraudulent use of the accounts to secure and convert innocent investor funds, SunTrust allowed unknowing, innocent investors to make deposits into the accounts and enabled Engler to convert the funds at the expense of the investors.

98.     As a direct and proximate result of SunTrust's actions, Private Commercial Office has suffered damages in the amount of the value of the funds comprising the improper Wire Transfers.

WHEREFORE, the Bankruptcy Trustee demands judgment against SunTrust for:

A.      Actual compensatory, consequential, incidental, special and exemplary/punitive damages in an amount to be proven at trial;

B.      Such civil penalties as allowed by law;

C.      Pre-judgment and post-judgment interest and costs as allowed by law; and

D.      For any other relief the Court deems just and proper.

### COUNT VI

**Aiding and Abetting Conversion Against Wells Fargo**
**(On Behalf of the Wells Fargo Plaintiffs)**

99.     The Wells Fargo Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 67 as though fully set forth herein.

100.    Fuchs, PCO Client Management, and/or Engler wrongfully asserted dominion and control over the innocent investor funds deposited into PCO Client Management's Wells Fargo Accounts by converting those funds for their personal use and/or benefit, causing financial injury and damage to PCO Client Management's innocent investors.

101.    Wells Fargo had actual knowledge that Fuchs was utilizing PCO Client Management's Wells Fargo Accounts as a mere filter so that Engler could continue perpetrating his fraud by virtue of, among other things: (i) its knowledge about the relationship between Engler and Private Commercial Office on the one hand and Fuchs and PCO Client Management on the other hand; (ii) its knowledge about the purpose and use of the accounts; (iii) receipt of SunTrust's 314(b) and the AFMA Warning Notification Letter on or about June 8, 2007; (iv) an account review and internal investigation; and (v) the Investigations Case Summary.

102.    Wells Fargo consciously rendered substantial assistance to, and aided and abetted Fuchs', PCO Client Management's, and/or Engler's conversion of innocent investor funds, by continuing to process thousands of monthly receipts and disbursements of innocent investor

funds totaling tens of millions of dollars per month in the form of international wire transfers to and from PCO Client Management's Wells Fargo Accounts and thereby causing losses exceeding $35 million.

103.    Wells Fargo is therefore liable for all damages actually and proximately caused to PCO Client Management's innocent investors as a result of Fuchs', PCO Client Management's, and/or Engler's conversion of their funds.

WHEREFORE, the Wells Fargo Plaintiffs seek, individually and on behalf of the Class, an order:

A.    Certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing the Wells Fargo Plaintiffs and their legal counsel to represent the Class;

B.    Entering a judgment against Wells Fargo for actual compensatory, consequential, incidental, special, and exemplary/punitive damages in an amount to be proven at trial;

C.    Granting such civil penalties as allowed by law;

D.    Granting pre-judgment and post-judgment interests and costs as allowed by law; and

E.    Granting any other relief the Court deems just and proper.

## COUNT VII

### Aiding and Abetting Fraud Against Wells Fargo
### (On Behalf of the Wells Fargo Plaintiffs)

104.    The Wells Fargo Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 67 as though fully set forth herein.

105.    Engler perpetrated the fraud as set forth hereinabove.

106.   Wells Fargo had actual knowledge that Fuchs was utilizing PCO Client Management's Wells Fargo Accounts as a mere filter so that Engler could continue perpetrating his fraud by virtue of, among other things: (i) its knowledge about the relationship between Engler and Private Commercial Office on the one hand and Fuchs and PCO Client Management on the other hand; (ii) its knowledge about the purpose and use of the accounts; (iii) receipt of SunTrust's 314(b) and the AFMA Warning Notification Letter on or about June 8, 2007; (iv) an account review and internal investigation; and (v) the Investigations Case Summary.

107.   Wells Fargo consciously rendered substantial assistance to, and aided and abetted Engler's fraud by continuing to process thousands of monthly receipts and disbursements of innocent investor funds totaling tens of millions of dollars per month in the form of international wire transfers to and from PCO Client Management's Wells Fargo Accounts and thereby causing losses exceeding $35 million.

108.   Wells Fargo is therefore liable for all damages actually and proximately caused to PCO Client Management's innocent investors as a result of Engler's fraud.

WHEREFORE, the Wells Fargo Plaintiffs seek, individually and on behalf of the Class, an order:

A.   Certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing the Wells Fargo Plaintiffs and their legal counsel to represent the Class;

B.   Entering a judgment against Wells Fargo for actual compensatory, consequential, incidental, special, and exemplary/punitive damages in an amount to be proven at trial;

C.   Granting such civil penalties as allowed by law;

D.      Granting pre-judgment and post-judgment interests and costs as allowed by law;
and

E.      Granting any other relief the Court deems just and proper.

## COUNT VIII

**Aiding and Abetting Breach of Fiduciary Duties Against Wells Fargo**
**(On Behalf of the Wells Fargo Plaintiffs)**

109.    The Wells Fargo Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 67 as though fully set forth herein.

110.    Fuchs owed a fiduciary duty to PCO Client Management's creditors/innocent investors because it continually operated in the zone of insolvency since in or about January 2005.

111.    Fuchs was required to discharge her fiduciary duty to PCO Client Management's creditors/innocent investors in good faith, with ordinary care, and in a manner reasonably believed to be in their best interests.

112.    Fuchs breached her fiduciary duty to PCO Client Management's creditors/innocent investors by permitting Engler to utilize PCO Client Management's Wells Fargo Accounts as a mere filter to secure and convert innocent investor funds and to utilize funds converted from later investors in order to repay funds converted from earlier investors.

113.    Fuchs' breach of fiduciary duties owed to PCO Client Management's creditors/innocent investors actually and proximately caused financial injury to those parties.

114.    Wells Fargo had actual knowledge that Fuchs was utilizing PCO Client Management's Wells Fargo Accounts as a mere filter so that Engler could continue perpetrating his fraud by virtue of, among other things: (i) its knowledge about the relationship between Engler and Private Commercial Office on the one hand and Fuchs and PCO Client Management

on the other hand; (ii) its knowledge about the purpose and use of the accounts; (iii) receipt of SunTrust's 314(b) and the AFMA Warning Notification Letter on or about June 8, 2007; (iv) an account review and internal investigation; and (v) the Investigations Case Summary.

115.   Wells Fargo consciously rendered substantial assistance to, and aided and abetted Fuchs' breach of fiduciary duty to PCO Client Management's creditors/innocent investors by continuing to process thousands of monthly receipts and disbursements of innocent investor funds totaling tens of millions of dollars per month in the form of international wire transfers to and from PCO Client Management's Wells Fargo Accounts and thereby causing losses exceeding $35 million.

116.   Wells Fargo is therefore liable for all damages actually and proximately caused to PCO Client Management's creditors/innocent investors as a result of Fuchs' breaches of fiduciary duty.

WHEREFORE, the Wells Fargo Plaintiffs seek, individually and on behalf of the Class, an order:

A.     Certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing the Wells Fargo Plaintiffs and their legal counsel to represent the Class;

B.     Entering a judgment against Wells Fargo for actual compensatory, consequential, incidental, special, and exemplary/punitive damages in an amount to be proven at trial;

C.     Granting such civil penalties as allowed by law;

D.     Granting pre-judgment and post-judgment interests and costs as allowed by law; and

E.     Granting any other relief the Court deems just and proper.

## COUNT IX

### Unjust Enrichment Against Wells Fargo
### (On Behalf of the Wells Fargo Plaintiffs)

117.    The Wells Fargo Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 67 as though fully set forth herein.

118.    PCO Client Management conferred a benefit upon Wells Fargo by making wire transfers into and out of PCO Client Management's Wells Fargo Accounts, thereby accruing significant transaction/service fees, which PCO Client Management paid with misappropriated investor funds to Wells Fargo.

119.    Wells Fargo knowingly and voluntarily accepted and retained the benefits conferred by PCO Client Management with respect to such transaction/service fees.

120.    Wells Fargo has been unjustly enriched at the expense of PCO Client Management's innocent investors.

121.    The circumstances are such that it would be inequitable and unjust for Wells Fargo to retain the benefits conferred by PCO Client Management without paying PCO Client Management's innocent investors the value thereof.

122.    PCO Client Management's innocent investors are entitled to the return of those amounts by which Wells Fargo was unjustly enriched, through disgorgement or another appropriate remedy.

WHEREFORE, the Wells Fargo Plaintiffs seek, individually and on behalf of the Class, an order:

A.      Certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing the Wells Fargo Plaintiffs and their legal counsel to represent the Class;

B.      Entering a judgment against Wells Fargo for actual compensatory, consequential, incidental, special, and exemplary/punitive damages in an amount to be proven at trial;

C.      Granting such civil penalties as allowed by law;

D.      Granting pre-judgment and post-judgment interests and costs as allowed by law; and

E.      Granting any other relief the Court deems just and proper.

### COUNT X

**Negligence and Wire Transfer Liability Against Wells Fargo**
**(On Behalf of the Bankruptcy Trustee)**

123.    The Bankruptcy Trustees hereby incorporates the allegations set forth in paragraphs 1 through 57 as though fully set forth herein.

124.    This is an action seeking damages from Wells Fargo based upon negligence and wire transfer liability relating to wire transfers conducted at the direction of debtor, PCO Client Management, and the subsequent wrongful and improper transfer of funds related to such wire transfers.

125.    At all material times, Fuchs, through others upon her instructions, authorized and directed *via* wire instructions, wire transfers in excess of tens of millions of dollars in funds on despite in PCO Client Management's Wells Fargo Accounts (the "Wells Fargo Wire Transfers").

126.    Pursuant to applicable laws, including but not limited to Chapter 670 of the Florida Statutes, Wells Fargo owed a duty of care to PCO Client Management to correctly, cautiously, and prudently process the Wells Fargo Wire Transfers subject to commercially reasonable security procedures.

127.    Wells Fargo breached its duty of care owed to PCO Client Management by violating prudent and sound banking practices and procedures as more fully identified above

and/or lacking good faith in processing and/or effectuating the Wells Fargo Wire Transfers based upon its actual knowledge that Fuchs was utilizing PCO Client Management's Wells Fargo Accounts as a mere filter so that Engler could continue perpetrating his fraudulent actions in securing and converting innocent investor funds.

128.    In keeping PCO Client Management's Wells Fargo Accounts open and processing the Wells Fargo Wire Transfers after it obtained actual knowledge of the fraudulent use of the accounts, Wells Fargo allowed unknowing, innocent investors to make deposits into the accounts and enabled Fuchs, PCO Client Management, and/or Engler to convert the funds at the expense of the investors.

129.    As a direct and proximate result of Wells Fargo's actions, PCO Client Management has suffered damages in the amount of the value of the funds comprising the improper Wire Transfers.

WHEREFORE, the Bankruptcy Trustee demands judgment against Wells Fargo for:

A.    Actual compensatory, consequential, incidental, special and exemplary/punitive damages in an amount to be proven at trial;

B.    Such civil penalties as allowed by law;

C.    Pre-judgment and post-judgment interest and costs as allowed by law; and

D.    For any other relief the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

130.    The Class Action Plaintiffs, on behalf of themselves and all others similarly situated, and the Bankruptcy Trustee hereby demand a jury trial on all issues so triable.

## RESERVATION OF RIGHTS

131.    The Class Action Plaintiffs and the Bankruptcy Trustee reserve their right to amend this Complaint, upon completion of their investigation and discovery, to assert any

additional claims for relief against the Defendants as may be warranted under the circumstances allowed by law.

     Respectfully submitted this the 30th day of March, 2012.

| | |
|---|---|
| GENOVESE JOBLOVE & BATTISTA, P.A. | ROBBINS GELLER RUDMAN & DOWD LLP |
| *Attorneys for the Bankruptcy Trustee* | *Attorneys for the Class Action Plaintiffs* |
| 200 East Broward Boulevard, Suite 1110 | 120 East Palmetto Park Road, Suite 500 |
| Fort Lauderdale, Florida  33301 | Boca Raton, Florida 33433 |
| Telephone: (954) 453-8000 | Telephone: (561) 750-3000 |
| Telecopier: (954) 453-8010 | Telecopier: (561) 750-3364 |

By:/s/ Robert F. Elgidely                By:/s/ Stuart A. Davidson

    Robert F. Elgidely, Esq.              Stuart A. Davidson, Esq.

    Florida Bar No. 111856               Florida Bar No. 084824

    Carmen Contreras-Martinez, Esq.     Robert J. Robbins, Esq.

    Florida Bar No. 093475               Florida Bar No. 572233

                                        Cullin A. O'Brien, Esq.

                                        Florida Bar No. 597341

                                        Bailie L. Heikkinen, Esq.

                                        Florida Bar No. 55998

                                        Christopher Martins, Esq.

                                        Florida Bar No. 88733

## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing Amended Class Action Complaint And Demand For Jury Trial was furnished via the Court's CM/ECF System to Amy S. Rubin, Esq., Fox Rothschild LLP, 222 Lakeview Avenue, Suite 700, West Palm Beach, FL 33401, on the 30th day of March, 2012.

                                    By:/s/ Robert F. Elgidely

                                        Robert F. Elgidely, Esq.

# EXHIBIT 1

 

# WARNING NOTIFICATIONS FOR INVESTORS

*(Vienna, 22 November 2006)*
Pursuant to Article 24 para 6 of the *Wertpapieraufsichtsgesetz* (WAG; Austrian Securities Supervision Act) the Austrian Financial Market Authority (FMA) is entitled to inform the general public by publication in an official bulletin published nationwide that a particular company is not authorized to provide certain financial services (as stipulated in Section 1 para 1 no. 19 of the *Bankwesengesetz* (BWG; Austrian Banking Act)).

With the announcement in the official gazette "Amtsblatt zur Wiener Zeitung" on 22 November 2006 the FMA makes use of its right and warns against doing any financial services business with the following company

**Private Commercial Office, Inc.,**
Engler, Ulrich
with alleged location in
1217 Cape Coral Pkwy, # 121,
Cape Coral
Florida 33904
USA

This company is not authorized by the FMA. Therefore it is not entitled to provide investment advice concerning client funds, to manage client portfolios in accordance with mandates given by investors or to broker business opportunities for the acquisition or sale of certain financial instruments.

This action by the FMA comes as a result of several inquiries and complaints by investors in Austria.

Further Informations:

Klaus Grubelnik, Media Relations Officer
Phone: ++43/(0)1/24959-5106
Mobil: ++43/(0)676/88249516

COMPOSITE EXHIBIT 2

— 455

---

**Run Date:** 12-Mar-08                    **Transaction Detail Report**                                        **Page:** 1
**Run Time:** 1:59 PM                                                                                 **User Name:** TRAIL

**BNK:** 175      **SND DATE:** 070521                    **VAL:** 070521                  **TRN:** 070521-00013777
**AMT:** $69,010.00                                      **CUR:** USD                     **FOR AMT:** 69,010.00
**SRC:** EWI      **ADV:** FED       **TYP:** FTR        **LOC:** MTRANS                  **CHECK NUM:**

---

**MEMO:** MAY 22, 2007  KHARM:  FUNDS RTND ON TRN 20070522-00001954 RTN AMT 68,980.00USD
MAY 23, 2007  SHUBINGER:  9:22AM LVM ULRICH ENGLER WITH RTN INFO
JUN 6, 2007  SROSLAN:  REC'D SWF PP TRN 20070522-00012521 FROM AMEX, REF AEB0714200978 // THEIR
MSG STATES --- WE HAVE TODAY RETURNED THESE FUNDS TO
YOUR BANK. PLEASE NOTE WE ARE UNABLE TO PROCESS
THIS TRANSACTION DUE TO AN INTERNAL RISK
MANAGEMENT POLICY DECISION REGARDING ONE OR MORE
ENTITIES REFERENCED IN THIS TRANSACTION.

---

**DBT:** D/0156810004251                                          **CDT:** A/124071889
**ACC:** D/0156810004251               **ON FILE:** Y            **ACC:** G/9088171050               **ON FILE:** Y
**DEPT:** 175                          **CTRY:**                 **DEPT:** 175                        **CTRY:**
PRIVATE COMMERCIAL OFFICE INC                                    A E CENTURION BANK
1217 CAPE CORAL PARKWAY E STE 121                                S A L T LAKE CITY, UT
CAPE CORAL FL 33904

**SEND:**                                                        **BNF BNK:** S/PBNKDEFF
**SNDR REF NUM:** 1  2007141002731                               DEUTSCHE POSTBANK AG

**ORIG:** /156810004251                                          **BNF BNK:** /260308205              **BK:** N
Private Commercial Office Inc                                    HELBIG EGON
1217 CAPE CORAL PKWY E STE 121
CAPE CORAL, FL 33904
**REF NUM:**

**BANK TO BANK INFO:**
RUECKABWICKLUNG

457

---

Run Date: 12-Mar-08                    **Transaction Detail Report**                        Page: 1
Run Time: 1:59 PM                                                              User Name: TRAIL

BNK: 175      SND DATE: 070521              VAL: 070521              TRN: 070521-00005001
AMT: $39,691.53                             CUR: USD                FOR AMT: 39,691.53
SRC: EWI      ADV: FED        TYP: FTR      LOC: MTRANS             CHECK NUM:

MEMO: MAY 23, 2007  SHUBINGER:  2SANDRAR 21-MAY-2007 FUNDS RTN'D ON TRN 20070521
        -00016367 FOR AMT 39,666.53
        9:22AM LVM ULRICH ENGLER WITH RTN INFO
        JUN 6, 2007  YLOVE:  RCVD SWF PP TRN 20070521-000111919/AMEX/AEB0714100981/ADV US THAT FUNDS
        HAVE BEEN RTND DUE TO INTERNAL RISK MGMT POLICY DECISION

---

DBT: D/0156810004251                                    CDT: A/124071889
ACC: D/0156810004251              ON FILE: Y            ACC: G/9088171050              ON FILE: Y
DEPT: 175                         CTRY:                 DEPT: 175                      CTRY:
PRIVATE COMMERCIAL OFFICE INC                           A E CENTURION BANK
1217 CAPE CORAL PARKWAY E STE 121                       S A L T LAKE CITY, UT
CAPE CORAL FL 33904

SEND:                                                   BNF BNK: S/SOLADEST
SNDR REF NUM: 1  2007141000818                          LANDESBANK BADEN-WUERTTEMBERG

ORIG: /156810004251                                     BNF BNK: /7495316931                    BK: N
Private Commercial Office Inc                           SCHICKINGER DR. RSM GMBH
1217 CAPE CORAL PKWY E STE 121
CAPE CORAL, FL 33904
REF NUM:

BANK TO BANK INFO:
VERTRAGSENDE

395

| | | |
|---|---|---|
| Run Date: 12-Mar-08 | **Transaction Detail Report** | Page: 1 |
| Run Time: 1:53 PM | | User Name: TRAIL |

| | | |
|---|---|---|
| BNK: 175    SND DATE: 070516 | VAL: 070521 | TRN: 070516-00014699 |
| AMT: $77,367.00 | CUR: USD | FOR AMT: 77,367.00 |
| SRC: EWI    ADV: FED    TYP: FTR | LOC: MTRANS | CHECK NUM: |

MEMO: JUN 6, 2007  YLOVE:  5JIMM 21-MAY-2007 FUNDS RTN ON TRN 20070521-00014628
*SYS_MEMO    5JIMM 21-MAY-2007 $77,337.00 RETURNED
JUN 6, 2007  YLOVE:  RCVD SWF PP TRN 20070521-00011960/AMEX/AEB0714100978/WE ARE UNABLE TO
PROCESS THIS TRANSACTION DUE TO AN INTERNAL RISK MGMT POLICY DECISION

| | | |
|---|---|---|
| DBT: D/0156810004251 | CDT: A/124071889 | |
| ACC: D/0156810004251                    ON FILE: Y | ACC: G/9088171050 | ON FILE: Y |
| DEPT: 175                                    CTRY: | DEPT: 175 | CTRY: |
| PRIVATE COMMERCIAL OFFICE INC | A E CENTURION BANK | |
| 1217 CAPE CORAL PARKWAY E STE 121 | S A L T LAKE CITY, UT | |
| CAPE CORAL FL 33904 | | |
| | BNF BNK: S/HYVEDEMM461 | |
| SEND: | BAYERISCHE HYPO- UND VEREINSBANK AG | |
| SNDR REF NUM: 1  2007141000022 | | |
| | BNF BNK: /2500264 | BK: N |
| ORIG: /156810004251 | HIFZI TUERKOGLU | |
| Private Commercial Office Inc | | |
| 1217 CAPE CORAL PKWY E STE 121 | | |
| CAPE CORAL, FL 33904 | | |
| REF NUM: | | |
| | | |
| BANK TO BANK INFO: | | |
| RUECKZAHLUNG VERTRAGSENDE | | |

453

---

Run Date: 12-Mar-08                    **Transaction Detail Report**                                    Page: 1
Run Time: 1:59 PM                                                                        User Name: TRAIL

| | | | | |
|---|---|---|---|---|
| BNK: 175 | SND. DATE: 070521 | | VAL: 070521 | TRN: 070521-00013157 |
| AMT: $71,740.31 | | | CUR: USD | FOR AMT: 71,740.31 |
| SRC: EWI | ADV: FED | TYP: FTR | LOC: MTRANS | CHECK NUM: |

---

MEMO: MAY 22, 2007  KHARM:  FUNDS RTND ON TRN 20070522-00008810
MAY 23, 2007  SHUBINGER:  9:22AM LVM ULRICH ENGLER WITH RTN INFO
JUN 6, 2007  SROSLAN:  REC'D SWF PP TRN 20070522-00012529 FROM AMEX, REF AEB0714200967 // THEIR
MSG STATES --- WE HAVE TODAY RETURNED THESE FUNDS TO
YOUR BANK. PLEASE NOTE WE ARE UNABLE TO PROCESS
THIS TRANSACTION DUE TO AN INTERNAL RISK
MANAGEMENT POLICY DECISION REGARDING ONE OR MORE
ENTITIES REFERENCED IN THIS TRANSACTION.

---

DBT: D/0156810004251
ACC: D/0156810004251                      ON FILE: Y
DEPT: 175                                 CTRY:
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904

SEND:
SNDR REF NUM: 1  2007141002592

ORIG: /156810004251
Private Commercial Office Inc
1217 CAPE CORAL PKWY E STE 121
CAPE CORAL, FL 33904
REF NUM:

BANK TO BANK INFO:
RUECKABWICKLUNG 2 VERTRAEGE

CDT: A/124071889
ACC: G/9088171050                         ON FILE: Y
DEPT: 175                                 CTRY:
A E CENTURION BANK
S A L T LAKE CITY, UT

BNF BNK: S/BKAUATWW
BANK AUSTRIA CREDITANSTALT AG

BNF BNK: /92923474460                      BK: N
BERND WEICHE

| Run Date: 12-Mar-08 | Transaction Detail Report | Page: 1 |
|---|---|---|
| Run Time: 1:59 PM | | User Name: TRAIL |

**452**

| BNK: 175    SND DATE: 070521 | VAL: 070521 | TRN: 070521-00014628 |
|---|---|---|
| AMT: $77,337.00 | CUR: USD | FOR AMT: 77,337.00 |
| SRC: FED    ADV: LTR    TYP: FTR | LOC: | CHECK NUM: |

DBT: A/124071889
ACC: G/9088171050                     ON FILE: Y
DEPT: 175                             CTRY:
A E CENTURION BANK
S A L T LAKE CITY, UT

SEND: /000749481
FED BEN SUNTRUST BANK
SNDR REF NUM: 070521039310

'IG BNK: A/061000104
NTRUST BANK LTD
REF NUM:

ORIG: /0156810004251
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904
REF NUM: 1  2007141000022

BANK TO BANK INFO:
RETURN OF YR FED IMAD NUMBER
20070521F1QCZ68C000128 REASON BEING
PER INTERNAL POLICY.

CDT: D/0156810004251
ACC: D/0156810004251                  ON FILE: Y
DEPT: 175                             CTRY:
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904

BNF BNK: /HOLD SPECHAND               BK: N
YOURSELVES

456

BNK: 175      SND DATE: 070521              VAL: 070601            TRN: 070521-00005112
AMT: $60,007.64                             CUR: USD              FOR AMT: 60,007.64
SRC: EWI      ADV: FED       TYP: FTR       LOC: MTRANS           CHECK NUM:

MEMO: JUN 4, 2007  TTHORNTON:  KAREND  1-JUN-2007 FUNDS RTND ON TRN 20070601-00018786
JUN 4, 2007  TTHORNTON:  LVM FOR ENGLER @ 212 OF RTN WIRE INFO
JUN 22, 2007  YLOVE:  RCVD SWF TRN 20070601-00022240/AMEX RETND FUNDS  DUET TO INTERNAL RISK
MGMT POLICY

| | |
|---|---|
| DBT: D/0156810004251 | CDT: A/124071889 |
| ACC: D/0156810004251                    ON FILE: Y | ACC: G/9088171050                    ON FILE: Y |
| DEPT: 175                                     CTRY: | DEPT: 175                                     CTRY: |
| PRIVATE COMMERCIAL OFFICE INC | A E CENTURION BANK |
| 1217 CAPE CORAL PARKWAY E STE 121 | S A L T LAKE CITY, UT |
| CAPE CORAL FL 33904 | |
| | BNF BNK: S/SOLADES1RAS |
| SEND: | SPARKASSE RASTATT-GERNSBACH |
| SNDR REF NUM: 1  2007152000010 | |
| | BNF BNK: /1000119782                   BK: N |
| ORIG: /156810004251 | TINO SCRABACK |
| Private Commercial Office Inc | |
| 1217 CAPE CORAL PKWY E STE 121 | |
| CAPE CORAL, FL 33904 | |
| REF NUM: | |
| | |
| BANK TO BANK INFO: | |
| RUECKABWICKLUNG | |

454

---

**Run Date:** 12-Mar-08  
**Run Time:** 1:59 PM

**Transaction Detail Report**

**Page:** 1  
**User Name:** TRAIL

---

| | | | | |
|---|---|---|---|---|
| **BNK:** 175 | **SND DATE:** 070521 | | **VAL:** 070601 | **TRN:** 070521-00007873 |
| **AMT:** $69,922.30 | | | **CUR:** USD | **FOR AMT:** 69,922.30 |
| **SRC:** EWI | **ADV:** FED | **TYP:** FTR | **LOC:** MTRANS | **CHECK NUM:** |

---

**MEMO:** JUN 4, 2007  TTHORNTON:  2MARYV  1-JUN-2007 FUNDS RTN ON TRAN 20070601-00018767  
      JUN 4, 2007  TTHORNTON:  LVM FOR ULRICH ENGLER @ 1203 OF RTN WIRE INFO  
      JUN 22, 2007 YLOVE:  SWF TRN 20070601-00222244/ANMEX/AEB0715200955  
      FUNDS RTN DUE TO INTERNAL RISK POLICY  
      NO ACTION NEEDED FUNDS ALREADY RTND

---

**DBT:** D/0156810004251  
**ACC:** D/0156810004251          **ON FILE:** Y  
**DEPT:** 175                 **CTRY:**  
PRIVATE COMMERCIAL OFFICE INC  
1217 CAPE CORAL PARKWAY E STE 121  
CAPE CORAL FL 33904  

SEND:  
**SNDR REF NUM:** 1  2007152000011  

**ORIG:** /156810004251  
Private Commercial Office Inc  
1217 CAPE CORAL PKWY E STE 121  
CAPE CORAL, FL 33904  
**REF NUM:**

**BANK TO BANK INFO:**  
RUECKABWICKLUNG

**CDT:** A/124071889  
**ACC:** G/9088171050        **ON FILE:** Y  
**DEPT:** 175              **CTRY:**  
A E CENTURION BANK  
S A L T LAKE CITY, UT  

**BNF BNK:** S/DEUTDEDB660  
DEUTSCHE BANK PRIVAT-UND GESCHAEFTS  

**BNF BNK:** /076924000        **BK:** N  
WINFRIED SCRABACK

474

BNK: 175     SND DATE: 070521              VAL: 070521           TRN: 070521-00008469
AMT: $11,458.97                            CUR: USD              FOR AMT: 11,458.97
SRC: EWI     ADV: FED     TYP: FTR         LOC: MTRANS           CHECK NUM:

MEMO: MAY 23, 2007  SHUBINGER:  5JIMM 21-MAY-2007 FUNDS RTN ON TRN 20070521-00015924
      *SYS_MEMO     5JIMM 21-MAY-2007 $11433.97 RTND
      9:22AM LVM ULRICH ENGLER WITH RTN INFO
      JUN 6, 2007  YLOVE:  SWF PP TRN 20070521-00016994/AMEX STATES UTA DUE TO AN INTERNAL RISK MGMT
      POLICY DECISION

DBT: D/0156810004251                              CDT: A/124071889
ACC: D/0156810004251          ON FILE: Y          ACC: G/9088171050          ON FILE: Y
DEPT: 175                     CTRY:               DEPT: 175                   CTRY:
PRIVATE COMMERCIAL OFFICE INC                     A E CENTURION BANK
1217 CAPE CORAL PARKWAY E STE 121                 S A L T LAKE CITY, UT
CAPE CORAL FL 33904
                                                  BNF BNK: S/POFICHBE
SEND:                                             SWISS POST - POSTFINANCE
SNDR REF NUM: 1  2007141001623
                                                  BNF BNK: /915709990          BK: N
ORIG: /156810004251                               HOLZER ALFRED
Private Commercial Office Inc
1217 CAPE CORAL PKWY E STE 121
CAPE CORAL, FL 33904
REF NUM:

BANK TO BANK INFO:
IBAN:CH8809000000915709990

475

| Run Date: 12-Mar-08 | **Transaction Detail Report** | Page: 1 |
|---|---|---|
| Run Time: 2:01 PM | | User Name: TRAIL |

| | | | |
|---|---|---|---|
| BNK: 175   SND DATE: 070521 | | VAL: 070521 | TRN: 070521-00015924 |
| AMT: $11,433.97 | | CUR: USD | FOR AMT: 11,433.97 |
| SRC: FED   ADV: LTR   TYP: FTR | | LOC: | CHECK NUM: |

| | |
|---|---|
| DBT: A/124071889 | CDT: D/0156810004251 |
| ACC: G/9088171050          ON FILE: Y | ACC: D/0156810004251          ON FILE: Y |
| DEPT: 175                          CTRY: | DEPT: 175                          CTRY: |
| ● A E CENTURION BANK | PRIVATE COMMERCIAL OFFICE INC |
| S A L T LAKE CITY, UT | 1217 CAPE CORAL PARKWAY E STE 121 |
| | CAPE CORAL FL 33904 |
| SEND: /000749481 | |
| FED BEN SUNTRUST BANK | BNF BNK: /HOLD SPECHAND          BK: N |
| SNDR REF NUM: 070521058106 | YOURSELVES |
| | |
| ORIG BNK: A/061000104 | |
| SUNTRUST BANK LTD | |
| REF NUM: | |
| | |
| ORIG: /0156810004251 | |
| PRIVATE COMMERCIAL OFFICE INC | |
| 1217 CAPE CORAL PARKWAY E STE 121 | |
| CAPE CORAL FL 33904 | |
| REF NUM: 1  2007141001623 | |
| | |
| BANK TO BANK INFO: | |
| RETURN OF YR FED IMAD NUMBER | |
| 20070521F1QCZ68C003233 REASON BEING | |
| PER INTERNAL POLICY. | |

— 477

---

**Run Date: 12-Mar-08**                    **Transaction Detail Report**                                    Page: 1
**Run Time: 2:01 PM**                                                                          User Name: TRAIL

BNK: 175        SND DATE: 070521                VAL: 070521              TRN: 070521-00010298
AMT: $10,765.00                                 CUR: USD                 FOR AMT: 10,765.00
SRC: EWI        ADV: FED        TYP: FTR        LOC: MTRANS              CHECK NUM:

---

MEMO: MAY 23, 2007  SHUBINGER:  2SANDRAR 21-MAY-2007 FUNDS RTN'D ON TRN 20070521
      -00016145
      *SYS_MEMO        2SANDRAR 21-MAY-2007 FOR AMT 10,740.00
      9:22AM LVM ULRICH ENGLER WITH RTN INFO
      JUN 6, 2007  YLOVE:  SWF PP TRN 20070521-0016608/AMEX/WE RTND THESE FUNDS TO YR BANK UTA TO
      PROCESS THIS TRAN DUE TO AND INTERNAL RISK FACTOR

---

DBT: D/0156810004251                                      CDT: A/124071889
ACC: D/0156810004251                ON FILE: Y            ACC: G/9088171050              ON FILE: Y
DEPT: 175                           CTRY:                 DEPT: 175                      CTRY:
PRIVATE COMMERCIAL OFFICE INC                            A E CENTURION BANK
1217 CAPE CORAL PARKWAY E STE 121                        S A L T LAKE CITY, UT
CAPE CORAL FL 33904

SEND:                                                    BNF BNK: S/HELADEF1ESW
SNDR REF NUM: 1 2007141002055                            SPARKASSE WERRA-MEISSNER

ORIG: /156810004251                                      BNF BNK: /840298               BK: N
Private Commercial Office Inc                            KLAUS UND ERNA SCHILLER
1217 CAPE CORAL PKWY E STE 121
CAPE CORAL, FL 33904
REF NUM:

BANK TO BANK INFO:
RUECKABWICKLUNG

478

BNK: 175      SND DATE: 070521                VAL: 070521                TRN: 070521-00016145
AMT: $10,740.00                                CUR: USD                   FOR AMT: 10,740.00
SRC: FED      ADV: LTR        TYP: FTR         LOC:                        CHECK NUM:

| | |
|---|---|
| DBT: A/124071889<br>ACC: G/9088171050         ON FILE: Y<br>DEPT: 175                        CTRY:<br>A E CENTURION BANK<br>S A L T LAKE CITY, UT<br><br>SEND: /000749481<br>FED BEN SUNTRUST BANK<br>SNDR REF NUM: 070521059968<br><br>ORIG BNK: A/061000104<br>SUNTRUST BANK LTD<br>REF NUM:<br><br>ORIG: /0156810004251<br>PRIVATE COMMERCIAL OFFICE INC<br>1217 CAPE CORAL PARKWAY E STE 121<br>CAPE CORAL FL 33904<br>REF NUM: 1  2007141002055<br><br>BANK TO BANK INFO:<br>RETURN OF YR FED IMAD NUMBER<br>20070521F1QCZ68C004090 REASON BEING<br>PER INTERNAL POLICY | CDT: D/0156810004251<br>ACC: D/0156810004251         ON FILE: Y<br>DEPT: 175                        CTRY:<br>PRIVATE COMMERCIAL OFFICE INC<br>1217 CAPE CORAL PARKWAY E STE 121<br>CAPE CORAL FL 33904<br><br>BNF BNK: /HOLD SPEC HAND         BK: N<br>YOURSELVES |

*479*

---

**Run Date:** 12-Mar-08
**Run Time:** 2:01 PM

<u>**Transaction Detail Report**</u>

**Page:** 1
**User Name:** TRAIL

**BNK:** 175   **SND DATE:** 070521
**AMT:** $10,500.00
**SRC:** EWI   **ADV:** FED   **TYP:** FTR

**VAL:** 070521
**CUR:** USD
**LOC:** MTRANS

**TRN:** 070521-00013883
**FOR AMT:** 10,500.00
**CHECK NUM:**

---

**MEMO:** MAY 23, 2007  SHUBINGER:  2SANDRAR 21-MAY-2007 FUNDS RTN'D ON TRN 20070521
-00016574 FOR AMT 10,475.00
9:22AM LVM ULRICH ENGLER WITH RTN INFO
JUN 6, 2007  SROSLAN:  REC'D SWF PP TRN 20070522-00012484 FROM AMEX // THEY ADV THEY HAVE
RETURNED THESE FUNDS TO US, UNABLE TO PROCESS DUE TO AN INTERNAL RISK MGMT POLICY
DECISION
THEIR REF AEB0714200994

---

**DBT:** D/0156810004251
**ACC:** D/0156810004251                    **ON FILE:** Y
**DEPT:** 175                               **CTRY:**
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904

**SEND:**
**SNDR REF NUM:** 1 2007141002743

**ORIG:** /156810004251
Private Commercial Office Inc
1217 CAPE CORAL PKWY E STE 121
CAPE CORAL, FL 33904
**REF NUM:**

**BANK TO BANK INFO:**
RUECKABWICKLUNG

**CDT:** A/124071889
**ACC:** G/9088171050                     **ON FILE:** Y
**DEPT:** 175                             **CTRY:**
A E CENTURION BANK
S A L T LAKE CITY, UT

**BNF BNK:** S/CIPRDEDD
CITIBANK PRIVATKUNDEN AG

**BNF BNK:** /2802512721               **BK:** N
BUTTERSACK CHRISTOPH

480

BNK: 175        SND DATE: 070521              VAL: 070521              TRN: 070521-00016574
AMT: $10,475.00                               CUR: USD                FOR AMT: 10,475.00
SRC: FED        ADV: LTR        TYP: FTR      LOC:                    CHECK NUM:

---

| | |
|---|---|
| DBT: A/124071889 | CDT: D/0156810004251 |
| ACC: G/9088171050                    ON FILE: Y | ACC: D/0156810004251                    ON FILE: Y |
| DEPT: 175                            CTRY: | DEPT: 175                              CTRY: |
| : CENTURION BANK | PRIVATE COMMERCIAL OFFICE INC |
| S A L T LAKE CITY, UT | 1217 CAPE CORAL PARKWAY E STE 121 |
| | CAPE CORAL FL 33904 |
| SEND: /000749481 | |
| FED BEN SUNTRUST BANK | BNF BNK: /HOLD SPEC HAND              BK: N |
| SNDR REF NUM: 070521061859 | YOURSELVES |
| | |
| ORIG BNK: A/061000104 | |
| SUNTRUST BANK LTD | |
| REF NUM: | |
| | |
| ORIG: /0156810004251 | |
| PRIVATE COMMERCIAL OFFICE INC | |
| 1217 CAPE CORAL PARKWAY E STE 121 | |
| CAPE CORAL FL 33904 | |
| REF NUM: 1  2007141002743 | |
| | |
| BANK TO BANK INFO: | |
| RETURN OF YR FED IMAD NUMBER | |
| 20070521F1QCZ68C005691 REASON BEING | |
| PER INTERNAL POLICY. | |

_ 481

| Run Date: 12-Mar-08 | Transaction Detail Report | Page: 1 |
| Run Time: 2:02 PM | | User Name: TRAIL |

| BNK: 175 | SND DATE: 070521 | VAL: 070521 | TRN: 070521-00013405 |
| AMT: $10,446.87 | | CUR: USD | FOR AMT: 10,446.87 |
| SRC: EWI | ADV: FED | TYP: FTR | LOC: MTRANS | CHECK NUM: |

MEMO: MAY 23, 2007  SHUBINGER:  2SANDRAR 21-MAY-2007 FUNDS RTN'D ON TRN 20070521
-00016477 / HOLD SPEC HAND
*SYS_MEMO      2SANDRAR 21-MAY-2007 AMT RTN'D 10,421.87
9:22AM LVM ULRICH ENGLER WITH RTN INFO.
JUN 6, 2007  SROSLAN:  REC'D SWF PP TRN 20070522-00012489 FROM AMEX, REF AEB0714200983 // THEIR
MSG STATES --- WE HAVE TODAY RETURNED THESE FUNDS TO
YOUR BANK. PLEASE NOTE WE ARE UNABLE TO PROCESS
THIS TRANSACTION DUE TO AN INTERNAL RISK
MANAGEMENT POLICY DECISION REGARDING ONE OR MORE
ENTITIES REFERENCED IN THIS TRANSACTION.

DBT: D/0156810004251
ACC: D/0156810004251                    ON FILE: Y
DEPT: 175                               CTRY:
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904

SEND:
SNDR REF NUM: 1 2007141002656

ORIG: /156810004251
Private Commercial Office Inc
217 CAPE CORAL PKWY E STE 121
CAPE CORAL, FL 33904
REF NUM:

BANK TO BANK INFO:
RUECKABWICKLUNG 2 VERTRAEGE

CDT: A/124071889
ACC: G/9088171050                       ON FILE: Y
DEPT: 175                               CTRY:
A E CENTURION BANK
S A L T LAKE CITY, UT

BNF BNK: S/DAAEDEDD
DEUTSCHE APOTHEKER- UND AERZTEBANK

BNF BNK: /0063148874                    BK: N
DR. UTA LAUFER

482

**Transaction Detail Report**

BNK: 175     SND DATE: 070521          VAL: 070521          TRN: 070521-00016477
AMT: $10,421.87                        CUR: USD             FOR AMT: 10,421.87
SRC: FED     ADV: LTR     TYP: FTR     LOC:                 CHECK NUM:

---

DBT: A/124071889
ACC: G/9088171050                        ON FILE: Y
DEPT: 175                                CTRY:
A E CENTURION BANK
S.A L T LAKE CITY, UT

SEND: /000749481
FED BEN SUNTRUST BANK
SNDR REF NUM: 070521061849

ORIG BNK: A/061000104
SUNTRUST BANK LTD
REF NUM:

ORIG: /0156810004251
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904
REF NUM: 1  2007141002656

BANK TO BANK INFO:
RETURN OF YR FED IMAD NUMBER
20070521F1QCZ68C005449 REASON BEING
PER INTERNAL POLICY.

CDT: D/0156810004251
ACC: D/0156810004251                     ON FILE: Y
DEPT: 175                                CTRY:
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904

BNF BNK: /HOLD SPEC HAND                  BK: N
YOURSELVES

503

| | | | |
|---|---|---|---|
| BNK: 175   SND DATE: 070522 | VAL: 070522 | TRN: 070522-00011549 | |
| AMT: $20,000.00 | CUR: USD | FOR AMT: 20,000.00 | |
| SRC: EWI   ADV: FED   TYP: FTR | LOC: MTRANS | CHECK NUM: | |

MEMO: MAY 23, 2007  SHUBINGER:  2SANDRAR 22-MAY-2007 FUNDS RTN'D ON TRN 20070522
-00015363
*SYS_MEMO        2SANDRAR 22-MAY-2007 AMT RTN'D 19,975.00
9:22AM LVM ULRICH ENGLER WITH RTN INFO
JUN 6, 2007  SROSLAN:  REC'D SWF PP TRN 20070522-00015913 FROM AMEX, REF AEB0714201155 // THEIR MSG STATES --- WE
HAVE TODAY RETURNED THESE FUNDS TO YOUR BANK.
PLEASE NOTE WE ARE UNABLE TO PROCESS THIS
TRANSACTION DUE TO AN INTERNAL RISK MANAGEMENT
POLICY DECISION REGARDING ONE OR MORE ENTITIES
REFERENCED IN THIS TRANSACTION.

DBT: D/0156810004251
ACC: D/0156810004251                           ON FILE: Y
DEPT: 175                                       CTRY:
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904

SEND:
SNDR REF NUM: 1  2007142002343

ORIG: /156810004251
ivate Commercial Office Inc
1217 CAPE CORAL PKWY E STE 121
CAPE CORAL, FL 33904
REF NUM:

BANK TO BANK INFO:
REST AUS RUECKABWICKLUNG

CDT: A/124071889
ACC: G/9088171050                              ON FILE: Y
DEPT: 175                                       CTRY:
A E CENTURION BANK
S A L T LAKE CITY, UT

BNF BNK: S/DRESDEFF312
DRESDNER BANK AG

BNF BNK: /0971500900                           BK: N
HORST PETER WENDT

504

---

| | | | |
|---|---|---|---|
| BNK: 175    SND DATE: 070522 | VAL: 070522 | TRN: 070522-00015363 | |
| AMT: $19,975.00 | CUR: USD | FOR AMT: 19,975.00 | |
| SRC: FED    ADV: LTR    TYP: FTR | LOC: | CHECK NUM: | |

---

DBT: A/124071889
ACC: G/9088171050                                            ON FILE: Y
DEPT: 175                                                      CTRY:
A E CENTURION BANK
S A L T LAKE CITY, UT

SEND: /000749481
FED BEN SUNTRUST BANK
SNDR REF NUM: 070522056846

ORIG BNK: A/061000104
SUNTRUST BANK LTD
REF NUM:

ORIG: /0156810004251
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904
REF NUM: 1  2007142002343

BANK TO BANK INFO:
RETURN YR PMNT DT 070522 IMAD REF
20070522F1QCZ68C004424 RETURNED AS
PER INTERNAL POLICY

CDT: D/0156810004251
ACC: D/0156810004251                                         ON FILE: Y
DEPT: 175                                                      CTRY:
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904

BNF BNK: /HOLD SPEC HAND                                       BK: N
YOURSELVES

ORIG TO BNF INFO:
/RFB/1  2007142002343

508

| Run Date: 12-Mar-08 | **Transaction Detail Report** | Page: 1 |
|---|---|---|
| Run Time: 2:06 PM | | User Name: TRAIL |

BNK: 175      SND DATE: 070522            VAL: 070522            TRN: 070522-00013268
AMT: $13,648.08                          CUR: USD               FOR AMT: 13,648.08
SRC: EWI      ADV: FED      TYP: FTR      LOC: MTRANS            CHECK NUM:

MEMO: MAY 23, 2007  SHUBINGER:  2SANDRAR 22-MAY-2007 FUNDS RTN'D ON TRN 20070522
         -00015514 FOR AMT 13,623.08
         9:22AM LVM ULRICH ENGLER WITH RTN INFO
         JUN 7, 2007  YLOVE:  RCVD SWF PP TRN 20070523-00011048/AMEX/AEB0714300813/UTA DUE TO INTERNNAL
         RISK MGMT POLISY DECISION

DBT: D/0156810004251                              CDT: A/124071889
ACC: D/0156810004251           ON FILE: Y         ACC: G/9088171050           ON FILE: Y
DEPT: 175                      CTRY:              DEPT: 175                    CTRY:
PRIVATE COMMERCIAL OFFICE INC                     A E CENTURION BANK
1217 CAPE CORAL PARKWAY E STE 121                 S A L T LAKE CITY, UT
CAPE CORAL FL 33904

                                                  BNF BNK: S/ESSLDE66
SEND:                                             KREISSPARKASSE ESSLINGEN-NUERTINGEN
SNDR REF NUM: 1  2007142002617
                                                  BNF BNK: /7567041           BK: N
ORIG: /156810004251                               REINHARDT HEIDRUN
Private Commercial Office Inc
1217 CAPE CORAL PKWY E STE 121
CAPE CORAL, FL 33904
REF NUM:

509

**Transaction Detail Report**

BNK: 175    SND DATE: 070522          VAL: 070522          TRN: 070522-00015514
AMT: $13,623.08                       CUR: USD             FOR AMT: 13,623.08
SRC: FED    ADV: LTR    TYP: FTR      LOC:                 CHECK NUM:

| | |
|---|---|
| DBT: A/124071889<br>ACC: G/9088171050<br>DEPT: 175    ON FILE: Y   CTRY:<br>\ E CENTURION BANK<br>S A L T LAKE CITY, UT<br><br>SEND: /000749481<br>FED BEN SUNTRUST BANK<br>SNDR REF NUM: 070522058824<br><br>ORIG BNK: A/061000104<br>SUNTRUST BANK LTD<br>REF NUM:<br><br>ORIG: /0156810004251<br>PRIVATE COMMERCIAL OFFICE INC<br>1217 CAPE CORAL PARKWAY E STE 121<br>CAPE CORAL FL 33904<br>REF NUM: 1  2007142002617<br><br>BANK TO BANK INFO:<br>RETURN YR PMNT DT 070522 IMAD REF<br>20070522F1QCZ68C005132 RETURNED AS<br>PER INTERNAL POLICY | CDT: D/0156810004251<br>ACC: D/0156810004251<br>DEPT: 175    ON FILE: Y   CTRY:<br>PRIVATE COMMERCIAL OFFICE INC<br>1217 CAPE CORAL PARKWAY E STE 121<br>CAPE CORAL FL 33904<br><br>BNF BNK: /HOLD SPEC HAND   BK: N<br>YOURSELVES<br><br>ORIG TO BNF INFO:<br>/RFB/1  2007142002617 |

519

---

**Run Date:** 12-Mar-08                    **Transaction Detail Report**                              **Page: 1**
**Run Time:** 2:23 PM                                                                        **User Name:** TRAIL

**BNK:** 175      **SND DATE:** 070523           **VAL:** 070523          **TRN:** 070523-00012834
**AMT:** $68,000.00                              **CUR:** USD             **FOR AMT:** 68,000.00
**SRC:** FED     **ADV:** LTR      **TYP:** FTR   **LOC:**                 **CHECK NUM:**

---

**DBT:** A/124071889                                      **CDT:** D/0156810004251
**ACC:** G/9088171050              **ON FILE: Y**          **ACC:** D/0156810004251              **ON FILE: Y**
**DEPT:** 175                      **CTRY:**               **DEPT:** 175                          **CTRY:**
● \ E CENTURION BANK                                      PRIVATE COMMERCIAL OFFICE INC
S A L T LAKE CITY, UT                                     1217 CAPE CORAL PARKWAY E STE 121
                                                          CAPE CORAL FL 33904
**SEND:** /000749481
FED BEN SUNTRUST BANK                                     **BNF BNK:** /HOLD SPECHAND              **BK: N**
**SNDR REF NUM:** 070522061328                            PREVIOUS DAY'S RETURN OF FUNDS

**ORIG BNK:** A/061000104                                 **ORIG TO BNF INFO:**
SUNTRUST BANK LTD                                         /RFB/1  2007142003034 DIPL.
**REF NUM:**                                              CONSULTING

**ORIG:** /0156810004251
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904
**REF NUM:** 1  2007142003034

**BANK TO BANK INFO:**
RETURN OF YOUR FED IMAD NUMBER
20070522F1QCZ68C006166 REASON BEING
PER INTERNAL POLICY.

— 488

---

| | | |
|---|---|---|
| Run Date: 12-Mar-08 | **Transaction Detail Report** | Page: 1 |
| Run Time: 2:02 PM | | User Name: TRAIL |

BNK: 175    SND DATE: 070522        VAL: 070522        TRN: 070522-00008810
AMT: $71,740.31                    CUR: USD        FOR AMT: 71,740.31
SRC: FED    ADV: LTR    TYP: FTR    LOC:        CHECK NUM:

---

DBT: A/124071889
ACC: G/9088171050            ON FILE: Y
DEPT: 175                    CTRY:
E CENTURION BANK
S A L T LAKE CITY, UT

SEND: /000749481
FED BEN SUNTRUST BANK
SNDR REF NUM: 070521067090

ORIG BNK: A/061000104
SUNTRUST BANK LTD
REF NUM:

ORIG: /0156810004251
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904
REF NUM: 1 2007141002592

BANK TO BANK INFO:
RETURN OF YOUR FED IMAD NUMBER
20070521F1QCZ68C005346 REASON BEING
PER INTERNAL POLICY.
REC/WIR/

CDT: D/0156810004251
ACC: D/0156810004251       ON FILE: Y
DEPT: 175                  CTRY:
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904

BNF BNK: /HOLD SPEC HAND    BK: N
PREVIOUS DAY'S RETURN OF FUNDS

ORIG TO BNF INFO:
/RFB/1  2007141002592

489

---

| | | |
|---|---|---|
| **Run Date:** 12-Mar-08 | <u>**Transaction Detail Report**</u> | **Page:** 1 |
| **Run Time:** 2:02 PM | | **User Name:** TRAIL |

**BNK:** 175     **SND DATE:** 070522          **VAL:** 070522          **TRN:** 070522-00001954
**AMT:** $68,980.00                     **CUR:** USD          **FOR AMT:** 68,980.00
**SRC:** FED     **ADV:** LTR     **TYP:** FTR     **LOC:**          **CHECK NUM:**

---

**DBT:** A/124071889
**ACC:** G/9088171050                    **ON FILE:** Y
**DEPT:** 175                                  **CTRY:**
⬤ A E CENTURION BANK
S A L T LAKE CITY, UT

**SEND:** /000749481
FED BEN SUNTRUST BANK
**SNDR REF NUM:** 070521066268

**ORIG BNK:** A/061000104
SUNTRUST BANK LTD
**REF NUM:**

**ORIG:** /0156810004251
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904
**REF NUM:** 1 2007141002731

**BANK TO BANK INFO:**
RETURN OF YR FED IMAD NUMBER
20070521F1QCZ68C005651 REASON BEING
PER INTERNAL POLICY
⬤

**CDT:** D/0156810004251
**ACC:** D/0156810004251                    **ON FILE:** Y
**DEPT:** 175                                  **CTRY:**
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904

**BNF BNK:** /HOLD SPEC HAND                    **BK:** N
YOURSELVES

490

| | | | |
|---|---|---|---|
| **Run Date:** 12-Mar-08 | **Transaction Detail Report** | | **Page:** 1 |
| **Run Time:** 2:02 PM | | | **User Name:** TRAIL |

| | | | | |
|---|---|---|---|---|
| **BNK:** 175 | **SND DATE:** 070522 | **VAL:** 070522 | | **TRN:** 070522-00015346 |
| **AMT:** $68,000.00 | | **CUR:** USD | | **FOR AMT:** 68,000.00 |
| **SRC:** EWI | **ADV:** FED | **TYP:** FTR | **LOC:** MTRANS | **CHECK NUM:** |

**MEMO:** MAY 23, 2007 JMAYES: FUNDS RTN ON TRN 20070523-00012834
MAY 24, 2007 SHUBINGER: 11:02AM PHN ADVISED ULRICH ENGLER WITH RTN INFO
JUN 7, 2007 YLOVE: RCVD SWF PP TRN 20070523-00011057/UTA DUE TO AN INTERNAL RISK MGMT POLICY
DECISION REGARDNG ONE OR MORE ENTITIES

| | | | |
|---|---|---|---|
| **DBT:** D/0156810004251 | | **CDT:** A/124071889 | |
| **ACC:** D/0156810004251 | **ON FILE:** Y | **ACC:** G/9088171050 | **ON FILE:** Y |
| **DEPT:** 175 | **CTRY:** | **DEPT:** 175 | **CTRY:** |
| PRIVATE COMMERCIAL OFFICE INC | | A E CENTURION BANK | |
| 1217 CAPE CORAL PARKWAY E STE 121 | | S A L T LAKE CITY, UT | |
| CAPE CORAL FL 33904 | | | |
| | | **BNF BNK:** S/SPBRAT2B | |
| **SEND:** | | SPARKASSE BREGENZ BANK AKTIENGESELL | |
| **SNDR REF NUM:** 1  2007142003034 | | | |
| | | **BNF BNK:** /60665 | **BK:** N |
| **ORIG:** /156810004251 | | ROLAND RENNER | |
| Private Commercial Office Inc | | | |
| 1217 CAPE CORAL PKWY E STE 121 | | **ORIG TO BNF INFO:** | |
| CAPE CORAL, FL 33904 | | DIPL. CONSULTING | |
| **REF NUM:** | | | |

499

---

**Run Date:** 12-Mar-08
**Run Time:** 2:03 PM

**Transaction Detail Report**

**Page:** 1
**User Name:** TRAIL

**BNK:** 175   **SND DATE:** 070522             **VAL:** 070522          **TRN:** 070522-00012821
**AMT:** $20,580.51                              **CUR:** USD            **FOR AMT:** 20,580.51
**SRC:** EWI   **ADV:** FED   **TYP:** FTR        **LOC:** MTRANS        **CHECK NUM:**

---

**MEMO:** MAY 23, 2007  SHUBINGER:  2SANDRAR 22-MAY-2007 FUNDS RTN'D ON TRN 20070522
-00015621 FOR AMT 20,555.51
9:22AM LVM ULRICH ENGLER WITH RTN INFO
JUN 7, 2007  YLOVE:  RCVD SWF PP TRN 20070523-0006553/AMEX/AEB0714300792/UTA DUE TO INTERNAL
RISK MGMT POLICY DECISION

---

**DBT:** D/0156810004251                                    **CDT:** A/124071889
**ACC:** D/0156810004251        **ON FILE:** Y              **ACC:** G/9088171050        **ON FILE:** Y
**DEPT:** 175                   **CTRY:**                   **DEPT:** 175                **CTRY:**
PRIVATE COMMERCIAL OFFICE INC                               A E CENTURION BANK
1217 CAPE CORAL PARKWAY E STE 121                          S A L T LAKE CITY, UT
CAPE CORAL FL 33904
                                                           **BNF BNK:** S/HSHNDEH1KIE
**SEND:**                                                   SPARKASSE KIEL
**SNDR REF NUM:** 1  2007142002555
                                                           **BNF BNK:** /90046699           **BK:** N
**ORIG:** /156810004251                                     THEILER VERMOEGENSPLANUNG GMBH
Private Commercial Office Inc
1217 CAPE CORAL PKWY E STE 121
CAPE CORAL, FL 33904
**REF NUM:**

**BANK TO BANK INFO:**
PROV 04-07

**Transaction Detail Report**

Run Date: 12-Mar-08
Run Time: 2:03 PM

Page: 1
User Name: TRAIL

BNK: 175   SND DATE: 070522   VAL: 070522   TRN: 070522-00015621
AMT: $20,555.51   CUR: USD   FOR AMT: 20,555.51   **500**
SRC: FED   ADV: LTR   TYP: FTR   LOC:   CHECK NUM:

DBT: A/124071889
ACC: G/9088171050   ON FILE: Y
DEPT: 175   CTRY:
A E CENTURION BANK
S A L T LAKE CITY, UT

SEND: /000749481
FED BEN SUNTRUST BANK
SNDR REF NUM: 070522058806

ORIG BNK: A/061000104
NTRUST BANK LTD
REF NUM:

ORIG: /0156810004251
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904
REF NUM: 1  2007142002555

BANK TO BANK INFO:
RETURN YR PMNT DT 070522 IMAD REF
20070522F1QCZ68C004932 RETURNED AS
PER INTERNAL POLICY

CDT: D/0156810004251
ACC: D/0156810004251   ON FILE: Y
DEPT: 175   CTRY:
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904

BNF BNK: /HOLD SPEC HAND   BK: N
YOURSELVES

ORIG TO BNF INFO:
/RFB/1  2007142002555

467

| Run Date: 12-Mar-08 | **Transaction Detail Report** | Page: 1 |
| Run Time: 2:00 PM | | User Name: TRAIL |

| BNK: 175 | SND DATE: 070521 | VAL: 070521 | TRN: 070521-00008431 |
| AMT: $19,749.59 | | CUR: USD | FOR AMT: 19,749.59 |
| SRC: EWI | ADV: FED | TYP: FTR | LOC: MTRANS | CHECK NUM: |

MEMO: MAY 23, 2007  SHUBINGER:  5JIMM 21-MAY-2007 FUNDS RTN ON TRN 20070521-00016090
/$19724.59
9:22AM LVM ULRICH ENGLER WITH RTN INFO
JUN 6, 2007  YLOVE:  SWF PP TRN 20070521-00016995/AMEX/AEB0714101115 UTA FUNDS RTND DUE TO
INTERNAL RISK MGMT POLICY DECISION

DBT: D/0156810004251
ACC: D/0156810004251                          ON FILE: Y
DEPT: 175                                     CTRY:
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904

SEND:
SNDR REF NUM: 1  2007141001616

ORIG: /156810004251
Private Commercial Office Inc
1217 CAPE CORAL PKWY E STE 121
CAPE CORAL, FL 33904
REF NUM:

CDT: A/124071889
ACC: G/9088171050                             ON FILE: Y
DEPT: 175                                     CTRY:
A E CENTURION BANK
S A L T LAKE CITY, UT

BNF BNK: S/BYLADEM1PAS
SPARKASSE PASSAU

BNF BNK: /0009076811                          BK: N
KAISER WILHELM LTD.

468

| | | | |
|---|---|---|---|
| **Run Date:** 12-Mar-08 | **Transaction Detail Report** | | **Page:** 1 |
| **Run Time:** 2:00 PM | | | **User Name:** TRAIL |

| | | | | |
|---|---|---|---|---|
| **BNK:** 175 | **SND DATE:** 070521 | | **VAL:** 070521 | **TRN:** 070521-00016090 |
| **AMT:** $19,724.59 | | | **CUR:** USD | **FOR AMT:** 19,724.59 |
| **SRC:** FED | **ADV:** LTR | **TYP:** FTR | **LOC:** | **CHECK NUM:** |

---

**DBT:** A/124071889
**ACC:** G/9088171050                                    **ON FILE:** Y
**DEPT:** 175                                                **CTRY:**
A E CENTURION BANK
S A L T LAKE CITY, UT

**SEND:** /000749481
FED BEN SUNTRUST BANK
**SNDR REF NUM:** 070521058085

**ORIG BNK:** A/061000104
SUNTRUST BANK LTD
**REF NUM:**

**ORIG:** /0156810004251
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904
**REF NUM:** 1  2007141001616

**BANK TO BANK INFO:**
RETURN OF YR FED IMAD NUMBER
20070521F1QCZ68C003207 REASON BEING
PER INTERNAL POLICY

**CDT:** D/0156810004251
**ACC:** D/0156810004251                                **ON FILE:** Y
**DEPT:** 175                                                **CTRY:**
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904

**BNF BNK:** /HOLD SPECHAND                          **BK:** N
YOURSELVES

469

BNK: 175  SND DATE: 070521      VAL: 070521      TRN: 070521-00008316
AMT: $18,688.41          CUR: USD      FOR AMT: 18,688.41
SRC: EWI  ADV: FED  TYP: FTR   LOC: MTRANS    CHECK NUM:

MEMO: MAY 23, 2007  SHUBINGER:  2SANDRAR 21-MAY-2007 FUNDS RTN'D ON TRN 20070521
     -00016381 FOR AMT 18,663.41
     9:22AM LVM ULRICH ENGLER WITH RTN INFO
     JUN 6, 2007  YLOVE:  SWF PP TRN 20070521-0016646/AMEX STATES RTND DUE TO INTERNAL RISK MGMT
     POLICY DECISION

| | | | |
|---|---|---|---|
| DBT: D/0156810004251 | | CDT: A/124071889 | |
| ACC: D/0156810004251 | ON FILE: Y | ACC: G/9088171050 | ON FILE: Y |
| DEPT: 175 | CTRY: | DEPT: 175 | CTRY: |
| PRIVATE COMMERCIAL OFFICE INC | | A E CENTURION BANK | |
| 1217 CAPE CORAL PARKWAY E STE 121 | | S A L T LAKE CITY, UT | |
| CAPE CORAL FL 33904 | | | |
| | | BNF BNK: S/TRISDE55 | |
| SEND: | | SPARKASSE TRIER | |
| SNDR REF NUM: 1  2007141001595 | | | |
| | | BNF BNK: /2647865 | BK: N |
| ORIG: /156810004251 | | SVENJA OHR | |
| Private Commercial Office Inc | | | |
| 1217 CAPE CORAL PKWY E STE 121 | | | |
| CAPE CORAL, FL 33904 | | | |
| REF NUM: | | | |

BANK TO BANK INFO:
RUECKABWICKLUNG

**Transaction Detail Report**

BNK: 175   SND DATE: 070521      VAL: 070521      TRN: 070521-00016381
AMT: $18,663.41           CUR: USD      FOR AMT: 18,663.41     470
SRC: FED   ADV: LTR   TYP: FTR    LOC:              CHECK NUM:

| | |
|---|---|
| DBT: A/124071889 | CDT: D/0156810004251 |
| ACC: G/9088171050    **ON FILE: Y** | ACC: D/0156810004251    **ON FILE: Y** |
| DEPT: 175            **CTRY:** | DEPT: 175            **CTRY:** |
| A E CENTURION BANK | PRIVATE COMMERCIAL OFFICE INC |
| S A L T LAKE CITY, UT | 1217 CAPE CORAL PARKWAY E STE 121 |
| | CAPE CORAL FL 33904 |
| SEND: /000749481 | |
| FED BEN SUNTRUST BANK | BNF BNK: /HOLD SPEC HAND    **BK: N** |
| SND'R REF NUM: 070521055120 | YOURSELVES |
| | |
| ORIG BNK: A/061000104 | ORIG TO BNF INFO: |
| SUNTRUST BANK LTD | /RFB/1  2007141001595 |
| REF NUM: | |
| | |
| ORIG: /0156810004251 | |
| PRIVATE COMMERCIAL OFFICE INC | |
| 1217 CAPE CORAL PARKWAY E STE 121 | |
| CAPE CORAL FL 33904 | |
| REF NUM: 1  2007141001595 | |
| | |
| BANK TO BANK INFO: | |
| RETURN YR IMAD | |
| 20070521F1QCZ68C003147 OF TODAY | |
| RETURENED AS PER INTERNAL POLICY | |
| /REC/WIR/ | |

_ 471

---

Run Date: 12-Mar-08                     **Transaction Detail Report**                                    Page: 1
Run Time: 2:00 PM                                                                        User Name: TRAIL

BNK: 175      SND DATE: 070521                VAL: 070521                TRN: 070521-00013646
AMT: $15,375.00                               CUR: USD                   FOR AMT: 15,375.00
SRC: EWI      ADV: FED        TYP: FTR        LOC: MTRANS                CHECK NUM:

---

MEMO: MAY 22, 2007  KHARM:  FUNDS RTND ON TRN 20070521-00017023 RTN AMT 15,350.00USD
MAY 23, 2007  SHUBINGER:  9:22AM LVM ULRICH ENGLER WITH RTN INFO
JUN 6, 2007  SROSLAN:  REC'D SWF PP TRN 20070522-00012490 FROM AMEX, REF AEB0714200980 // THEIR
MSG STATES --- WE HAVE TODAY RETURNED THESE FUNDS TO
YOUR BANK. PLEASE NOTE WE ARE UNABLE TO PROCESS
THIS TRANSACTION DUE TO AN INTERNAL RISK
MANAGEMENT POLICY DECISION REGARDING ONE OR MORE
ENTITIES REFERENCED IN THIS TRANSACTION.

---

| | | |
|---|---|---|
| DBT: D/0156810004251 | CDT: A/124071889 | |
| ACC: D/0156810004251            ON FILE: Y | ACC: G/9088171050            ON FILE: Y | |
| DEPT: 175                       CTRY: | DEPT: 175                       CTRY: | |
| PRIVATE COMMERCIAL OFFICE INC | A E CENTURION BANK | |
| 1217 CAPE CORAL PARKWAY E STE 121 | S A L T LAKE CITY, UT | |
| CAPE CORAL FL 33904 | | |
| | BNF BNK: S/SBREDE22 | |
| SEND: | SPARKASSE BREMEN AG, DIE | |
| SNDR REF NUM: 1  2007141002700 | | |
| | BNF BNK: /97331151            BK: N | |
| ORIG: /156810004251 | WEIDNER ERNST | |
| Private Commercial Office Inc | | |
| 1217 CAPE CORAL PKWY E STE 121 | | |
| CAPE CORAL, FL 33904 | | |
| REF NUM: | | |
| | | |
| BANK TO BANK INFO: | | |
| RUECKABWICKLUNG | | |

Run Date: 12-Mar-08              **Transaction Detail Report**                              Page: 1
Run Time: 2:01 PM                                                              User Name: TRAIL

BNK: 175      SND DATE: 070521              VAL: 070522        TRN: 070521-00017023      472
AMT: $15,350.00                            CUR: USD           FOR AMT: 15,350.00
SRC: FED      ADV: LTR      TYP: FTR        LOC:              CHECK NUM:

---

DBT: A/124071889                                    CDT: D/0156810004251
ACC: G/9088171050              ON FILE: Y            ACC: D/0156810004251              ON FILE: Y
DEPT: 175                      CTRY:                 DEPT: 175                         CTRY:
A E CENTURION BANK                                  PRIVATE COMMERCIAL OFFICE INC
S A L T LAKE CITY, UT                               1217 CAPE CORAL PARKWAY E STE 121
                                                    CAPE CORAL FL 33904
SEND: /000749481
FED BEN SUNTRUST BANK                               BNF BNK: /HOLD SPEC HAND            BK: N
SNDR REF NUM: 070521062795                          YOURSELVES

ORIG BNK: A/061000104
SUNTRUST BANK LTD
REF NUM:

ORIG: /0156810004251
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904
REF NUM: 1  2007141002700

BANK TO BANK INFO:
RETURN OF YR FED IMAD NUMBER
20070521F1QCZ68C005590 REASON BEING
PER INTERNAL POLICY.

_    496

---

**Transaction Detail Report**

BNK: 175    SND DATE: 070522          VAL: 070522        TRN: 070522-00008722
AMT: $28,810.33                        CUR: USD            FOR AMT: 28,810.33
SRC: FED    ADV: LTR    TYP: FTR       LOC:                CHECK NUM:

---

DBT: A/124071889                              CDT: D/0156810004251
ACC: G/9088171050              ON FILE: Y     ACC: D/0156810004251              ON FILE: Y
DEPT: 175                      CTRY:          DEPT: 175                         CTRY:
A E CENTURION BANK                            PRIVATE COMMERCIAL OFFICE INC
S A L T LAKE CITY, UT                         1217 CAPE CORAL PARKWAY E STE.121
                                              CAPE CORAL FL 33904
SEND: /000749481
FED BEN SUNTRUST BANK                         BNF BNK: /HOLD SPEC HAND           BK: Y
SNDR REF NUM: 070521066270                    YOURSELVES
                                              PREVIOUS DAY
ORIG BNK: A/061000104
SUNTRUST BANK LTD
REF NUM:

ORIG: /0156810004251
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904
REF NUM: 1 2007141002685

BANK TO BANK INFO:
RETURN OF YR FED IMAD NUMBER
20070521F1QCZ68C005537 REASON BEING
PER INTERNAL POLICY.

**Run Date:** 12-Mar-08
**Run Time:** 1:59 PM

**Transaction Detail Report**

Page: 1
**User Name:** TRAIL

458

**BNK:** 175.  **SND DATE:** 070521
**AMT:** $39,666.53
**SRC:** FED  **ADV:** LTR  **TYP:** FTR

**VAL:** 070521
**CUR:** USD
**LOC:**

**TRN:** 070521-00016367
**FOR AMT:** 39,666.53
**CHECK NUM:**

---

**DBT:** A/124071889
**ACC:** G/9088171050
**DEPT:** 175
A E CENTURION BANK
S A L T LAKE CITY, UT

**ON FILE:** Y
**CTRY:**

**SEND:** /000749481
FED BEN SUNTRUST BANK
**SNDR REF NUM:** 070521049114

**ORIG BNK:** A/061000104
SUNTRUST BANK LTD
**REF NUM:**

**ORIG:** /0156810004251
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904
**REF NUM:** 1 2007141000818

**BANK TO BANK INFO:**
RETURN YR PAYMENT DTD 20070521 IMAD
20070521F1QCZ68C001646 RETURNED AS
PER INTERNAL POLICY

**CDT:** D/0156810004251
**ACC:** D/0156810004251
**DEPT:** 175
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904

**ON FILE:** Y
**CTRY:**

**BNF BNK:** /HOLD SPEC HAND
YOURSELVES

**BK:** N

**ORIG TO BNF INFO:**
/RFB/1  2007141000818

459

---

Run Date: 12-Mar-08                    **Transaction Detail Report**                                    Page: 1
Run Time: 1:59 PM                                                                        User Name: TRAIL

BNK: 175      SND DATE: 070521                    · VAL: 070521          TRN: 070521-00008502
AMT: $33,030.55                                     CUR: USD             FOR AMT: 33,030.55
SRC: EWI      ADV: FED      TYP: FTR                 LOC: MTRANS         CHECK NUM:

---

MEMO: MAY 23, 2007  SHUBINGER:  5JIMM 21-MAY-2007 FUNDS RTN ON TRN 20070521-00016049
       /$33005.55
       9:22AM LVM ULRICH ENGLER WITH RTN INFO
       JUN 6, 2007  YLOVE:  SWF PP TRN 20070521-00016619/AMEX/FUNDS RTND UTA DUE TO AN INTERNAL RISK
       MGMT POLICY DECISION REGARDING ONE OR MORE ENTITIES

---

DBT: D/0156810004251                              CDT: A/124071889
ACC: D/0156810004251            ON FILE: Y        ACC: G/9088171050               ON FILE: Y
DEPT: 175                       CTRY:             DEPT: 175                       CTRY:
PRIVATE COMMERCIAL OFFICE INC                     A E CENTURION BANK
1217 CAPE CORAL PARKWAY E STE 121                 S A L T LAKE CITY, UT
CAPE CORAL FL 33904
                                                  BNF BNK: S/UBSWCHZH80A
SEND:                                             UBS AG
SNDR REF NUM: 1  2007141001628
                                                  BNF BNK: /020894181061Q        BK: N
ORIG: /156810004251                               FUTURA GMBH
Private Commercial Office Inc
1217 CAPE CORAL PKWY E STE 121
CAPE CORAL, FL 33904
REF NUM:

BANK TO BANK INFO:
IBAN:CH100020820894181061Q

Run Date: 12-Mar-08                    **Transaction Detail Report**                                    Page: 1
Run Time: 1:59 PM                                                                        User Name: TRAIL

BNK: 175        SND DATE: 070521                    VAL: 070521            TRN: 070521-00016049
AMT: $33,005.55                                     CUR: USD               FOR AMT: 33,005.55
SRC: FED        ADV: LTR           TYP: FTR         LOC:                   CHECK NUM: _        460

---

DBT: A/124071889                                        CDT: D/0156810004251
ACC: G/9088171050                      ON FILE: Y       ACC: D/0156810004251                      ON FILE: Y
DEPT: 175                              CTRY:            DEPT: 175                                  CTRY:
A E CENTURION BANK                                      PRIVATE COMMERCIAL OFFICE INC
S A L T LAKE CITY, UT                                   1217 CAPE CORAL PARKWAY E STE 121
                                                        CAPE CORAL FL 33904
SEND: /000749481
FED BEN SUNTRUST BANK                                   BNF BNK: /HOLD SPECHAND                   BK: N
SNDR REF NUM: 070521055398                              YOURSELVES

ORIG BNK: A/061000104                                   ORIG TO BNF INFO:
SUNTRUST BANK LTD                                       /RFB/1  2007141001628
REF NUM:

ORIG: /0156810004251
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904
REF NUM: 1  2007141001628

BANK TO BANK INFO:
RETURN OF YR FED IMAD NUMBER
20070521F1QCZ68C003250 REASON BEING
PER INTERNAL POLICY.
/REC/WIR/

461

BNK: 175   SND DATE: 070521   VAL: 070521   TRN: 070521-00013572
AMT: $28,810.33   CUR: USD   FOR AMT: 28,810.33
SRC: EWI   ADV: FED   TYP: FTR   LOC: MTRANS   CHECK NUM:

MEMO: MAY 22, 2007  KHARM:  FUNDS RTND ON TRN 20070522-00008722
MAY 23, 2007  SHUBINGER:  9:22AM LVM ULRICH ENGLER WITH RTN INFO
JUN 6, 2007  SROSLAN:  REC'D SWF PP TRN 20070522-00012522 FROM AMEX, REF AEB0714200977 // THEIR
MSG STATES --- WE HAVE TODAY RETURNED THESE FUNDS TO
YOUR BANK. PLEASE NOTE WE ARE UNABLE TO PROCESS
THIS TRANSACTION DUE TO AN INTERNAL RISK
MANAGEMENT POLICY DECISION REGARDING ONE OR MORE
ENTITIES REFERENCED IN THIS TRANSACTION.

DBT: D/0156810004251
ACC: D/0156810004251   ON FILE: Y
DEPT: 175   CTRY:
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904

SEND:
SNDR REF NUM: 1  2007141002685

ORIG: /156810004251
Private Commercial Office Inc
1217 CAPE CORAL PKWY E STE 121
CAPE CORAL, FL 33904
REF NUM:

BANK TO BANK INFO:
RUECKABWICKLUNG 2 VERTRAEGE

CDT: A/124071889
ACC: G/9088171050   ON FILE: Y
DEPT: 175   CTRY:
A E CENTURION BANK
S A L T LAKE CITY, UT

BNF BNK: S/HELADEF1MAR
SPARKASSE MARBURG-BIEDENKOPF

BNF BNK: /1110204686   BK: N
UWE GERCKE

462

---

**Run Date:** 12-Mar-08  
**Run Time:** 2:00 PM

**Transaction Detail Report**

**Page:** 1  
**User Name:** TRAIL

| | | | |
|---|---|---|---|
| **BNK:** 175   **SND DATE:** 070521 | **VAL:** 070521 | **TRN:** 070521-00008385 | |
| **AMT:** $20,636.02 | **CUR:** USD | **FOR AMT:** 20,636.02 | |
| **SRC:** EWI   **ADV:** FED   **TYP:** FTR | **LOC:** MTRANS | **CHECK NUM:** | |

---

**MEMO:** MAY 23, 2007  SHUBINGER:  2SANDRAR 21-MAY-2007 FUNDS RTN'D ON TRN 20070521  
-00016422 FOR AMT 20,611.02  
9:22AM LVM ULRICH ENGLER WITH RTN INFO  
JUN 6, 2007  YLOVE:  SWF PP TRN 20070521-00016627/UTA RTND FUNDS UNABLE TO PROCESS THIS  
TRANSACTION DUE TO AN INTERNATIONAL RISK MGMT POLICY DECISION

---

**DBT:** D/0156810004251  
**ACC:** D/0156810004251                    **ON FILE:** Y  
**DEPT:** 175                                       **CTRY:**  
PRIVATE COMMERCIAL OFFICE INC  
1217 CAPE CORAL PARKWAY E STE 121  
CAPE CORAL FL 33904  

**SEND:**  
**SNDR REF NUM:** 1 ·2007141001606  

**ORIG:** /156810004251  
Private Commercial Office Inc  
1217 CAPE CORAL PKWY E STE 121  
CAPE CORAL, FL 33904  
**REF NUM:**  

**BANK TO BANK INFO:**  
RUECKABWICKLUNG  

**CDT:** A/124071889  
**ACC:** G/9088171050                    **ON FILE:** Y  
**DEPT:** 175                                       **CTRY:**  
A E CENTURION BANK  
S A L T LAKE CITY, UT  

**BNF BNK:** S/PBNKDEFF  
DEUTSCHE POSTBANK AG  

**BNF BNK:** /348957500                    **BK:** N  
OTTMAR KRAEMER-FUHRMANN

463

---

BNK: 175      SND DATE: 070521              VAL: 070521           TRN: 070521-00016422
AMT: $20,611.02                             CUR: USD              FOR AMT: 20,611.02
SRC: FED      ADV: LTR      TYP: FTR        LOC:                  CHECK NUM:

---

DBT: A/124071889                                    CDT: D/0156810004251
ACC: G/9088171050              ON FILE: Y            ACC: D/0156810004251              ON FILE: Y
DEPT: 175                      CTRY:                 DEPT: 175                          CTRY:
A E CENTURION BANK                                  PRIVATE COMMERCIAL OFFICE INC
S A L T LAKE CITY, UT                               1217 CAPE CORAL PARKWAY E STE 121
                                                    CAPE CORAL FL 33904
SEND: /000749481
FED BEN SUNTRUST BANK                               BNF BNK: /HOLD SPEC HAND           BK: N
SNDR REF NUM: 070521055124                          YOURSELVES

ORIG BNK: A/061000104
SUNTRUST BANK LTD
REF NUM:

ORIG: /0156810004251
PRIVATE COMMERCIAL OFFICE INC
1217 CAPE CORAL PARKWAY E STE 121
CAPE CORAL FL 33904
REF NUM: 1  2007141001606

BANK TO BANK INFO:
RETURN OF YR FED IMAD NUMBER
20070521F1QCZ68C003183 REASON BEING
PER INTERNAL POLICY.

EXHIBIT 3

| From: | BRETT Von Borke |
|-------|-----------------|
| To: | JEFFREY S. EDWARDS;  JESSICA ELLIOTT;  MARIA C. MENDEZ; TUCKER RONZETTI |
| Date: | 5/3/2011 2:19 PM |
| Subject: | Fwd: PCO Case |
| Attachments: | 22_11_06_pm_firstchina_privatcommercial_keffel_en.pdf |

>>> "Barry.John" <John.Barry@SunTrust.com> 5/3/2011 2:17 PM >>>

Hi Brett,

I have spoken with our fraud detection department, and they have ordered the box with this file from our retention area. Since the case was from 2008, it became inactive and was effectively sent to the archive. Until my fraud department contact receives the box, there's not a lot SunTrust can do.

However, my contact does recall this case and remembers that SunTrust had been 'tipped off' by American Express. It appears that a number of financial institutions were sharing information with each other about this company. The attached press release eventually came to light during this information sharing process.

I would propose re-scheduling your hearing for next week. This would give my guy enough time to at least go through the box and see what we have.

Call me and let me know your thoughts - 407.237.5338.

Thanks,

- John

EXHIBIT
3
2-13-12

# COMPOSITE EXHIBIT 4

094



**Kevin Scott/AO/USR/FTU**
06/08/2007 10:16 AM

To CaseLinks@WACHOVIA

cc

bcc

Subject Fw: 314(b) Request

Please open a new case for potential negative news. Assign to any investigator.
Include this email in the case file. Thank you.

314b PCO CLIENT MANAGEMENT.pdf

TN3270 - RUMBA Mainframe Display

C012  A504563   TPXPU513  Customer Detail Inquiry  003075149  CZ111281  06/

Sel                                                               MORE:
   PCO CLIENT MANAGEMENT, INC                  Tax Id: T205453370

   430 SE 24TH STREET                          Customer Assets
   CAPE CORAL FL 33990                                  $
                                               Customer Liabilities
                                                      $        0.00

S-Org-Serv-Account Number/Mat Date-Prod-J/S-St Date----Cmt-Balance------C
   903 DDA 2000091965057           BCNC  S  OP 05292007 N

                                               PRESS F9 FOR BALANCI
Command: CB13
F1=Help F3=Ext F4=Nxt F5=Sold F6=Add Lead F7=Bkwd F8=Fwd F10=Lt F11=Rt 72=

**Kevin Scott**
**Senior Investigator**
**Anti-Money Laundering Investigative Services**
**Wachovia Compliance Risk Management**

# Investigations Case Summary                    —    040

## CASE 2007004817

### INVESTIGATION DATA SUMMARY
PCO CLIENT MANAGEMENT, INC                    TIN:  T205453378
430 SE 24TH STREET                            Work: 239-745-9300
CAPE CORAL FL 33990

| | | | | | |
|---|---|---|---|---|---|
| DDA  2000028877271 | S | OP | 06272007 | N | 500066.85 |
| DDA  2000031965057 | S | OP | 05292007 | N | 3759136.87 |

### PREVIOUS SAR FILED:  None

### BRANCH INVOLVED:

### INVESTIGATIVE ACTIVITY REVIEW
⬤ case was generated by a 314B request from Tony Scott at Suntrust bank.  Scott advised Sun Trust received negative news on their customer Private Commercial Office and that their customer issued a check that was deposited into a client's Wachovia account, PCO Client Management Inc in the amount of $7,000,000 on June 1, 2007.  Private Commercial Office was the subject of a warning notification letter submitted by the Austrian Financial Market Authority following complaints received by investors in that country.  Scott also advised Sun Trust had not been able to identify any specific BSA violations but recent activity with the client has led to increased suspicious.  Their customer receives about $24 million in foreign wires, mainly from Austria and Germany each month which is then wired out to individuals.  The company claims to be a stock day trading/investment company.  The first address Ulrich Engler, the owner of the business gave for the business was actually the address of a UPS Store.  He was asked for an updated address.  The new address turned out to be a private residence owned by a family who had been there for several years.  He was sent a list of questions to answer about the nature of the business but has not answered.  Sun Trust requested Wachovia share any information found regarding the client that might be deemed suspicious.  The accounts were reviewed from the date they were opened through July 2, 2007.

There was one transfer from DDA 2000031965057 into DDA 2000028877271 of $500,000 on June 29, 2007.  There were no debits from this account.

⬤ the exception of a $7 million dollar check from Private Commercial Office, Inc dated 5-30-07 that was deposited into this account on 5-30-07 the day after it was opened, DDA 2000031965057 was funded entirely by wire transfers. Monies left this account via international wire transfers.  During the month of June 2007 there were 1675 wire transfers from this account totaling $10,301,639.13 and 14 transfers into the account totaling $10,193,745.88. In July 2007 (current date is July 10, 2007) there were 1701 wire transfers from this account totaling 8,914,329,14 and 61 credits into the account totaling $8,803,937.29. Many of these wires went back to Austria and Germany. According to the 314B request the funds into the Sun Trust account originated in Austria and Germany.

# Investigations Case Summary Continuation

041

On July 10, 2007 contact was made with this customer's financial specialist (FS) who advised she had personally been to this customer's office space which also happened to be her (signor Angelika Neumeier-Fuch's) residence. The FS advised she was told by Neumeier-Fuchs that she is from Germany and was in the process of a divorce. Neumeier said she always wanted to start her own business and live in the US so last August (2006) she moved from Germany to Florida with her 12 year old son. Her husband soon followed but on his arrival informed Neumeier that he had a girlfriend and wanted a divorce. Neumeier started her company PCO Client Management, Inc in August 2006 and Private Commercial Office, Inc is her sole client. She said she manages the billing for Private Commercial Office, Inc. The funds are wired into her account from PCO, Inc's main operating account. Once she receives the wires she then wires the funds for PCO, Inc. She told the FS that PCO, Inc's clients are European investors who deal mostly in real estate. She advised she would soon develop other clients and would require additional accounts to be opened.

According to Lexis Nexis Angelika Neumeier-Fuchs also uses the names:  Angelika Neumeier, ●elilka Matzner-Fuchs, and Angelika Josefa Feumeier Fuchs.  The telephone number Lexis Nexis lists as the telephone number, 239-772-4838, at her address located at 430 SE 24th Ave, Cape Coral, Fl is actually listed to Elias Pereyra.   Google reflects (239) 574-6382 as the telephone number associated with that address with that number being assigned to Gisela Soyke.

Regarding Ulrich Engler, Lexis Nexis lists a Richie Engler of 1217 Cape Coral E. Parkway, Cape Coral, FL with an SSN 360 60 2786 that was issued in Illinois which is also linked to a Robert A. Doerr, DOB: 7-9-60.   According to Lexis Nexis Engler's full name is Ulrich Felix Anton Engler, with a DOB of 3-28-61.

According to the internet a Warning Notification was issued by the Austrian Financial Market Authority FMA in Vienna on November 22, 2006 as follows: "Pursuant to Article 24 para 6 of the Wertpapieraufsichtsgesetz (WAG; Austrian Securities Supervision Act) the Austrian Financial Market Authority (FMA) is entitled to inform the general public by publication in an official bulletin published nationwide that a particular company is not authorized to provide certain financial services (as stipulated in Section 1 para 1 no. 19 of the Bankwesengesetz (BWG; Austrian Banking Act)).  With the announcement in the official gazette "Amtsblatt zur Wiener Zeitung" on 22 November 2006 the FMA makes used of its right and warns against doing any financial services business with the following ●pany

Private Commercial Office, Inc, Engler, Ulrich with alleged location in 1217 Cape Coral Pkwy, #121, Cape Coral, Florida 33904, USA

This company is not authorized by the FMA.  Therefore it is not entitled to provide investment advice concerning client funds, to manage client portfolios in accordance with mandates given by investors or to broker business opportunities for the acquisition or sale of certain financial instruments.  This action by the FMA comes as a result of several inquiries and complaints by investors in Austria.
Interestingly, this customer's bank statement are sent to:  PCO CLIENT MANAGEMENT, INC at 1217 CAPE CORAL PKWY #121, CAPE CORAL FL 33904.
**CONCLUSION**

EXHIBIT 5



**SUNTRUST**

Ivonne Lopez-Isa
Vice President

SunTrust Bank, South Florida
14050 NW 14 Street
Sunrise, Fl 33323
Tel 954.838.4778
Fax 954.838.4782
ivonne.lopez-isa@suntrust.com

12516

June 28, 2007

<u>Via certified and first-class mail</u>

Private Commercial Office Inc
1217 Cape Coral Pkwy E Ste 121
Cape Coral, Fl 33904-9604

Dear client:

I regret to inform you that SunTrust is no longer able to provide the financial services you require. As a result, we ask that you immediately close your accounts.

SunTrust continuously reviews its products, markets, and client relationships to ensure that we are able to provide the best possible client service while also meeting our corporate business objectives. There are circumstances where the company will identify a specific account relationship that no longer meets these criteria. In the best interest of our clients and SunTrust, the company will request that those accounts be closed.

Your deposit accounts with SunTrust are governed by the *Rules and Regulations for Deposit Accounts*, a copy of which was provided to you at account opening. As stated in the *Rules and Regulations for Deposit Accounts*, "We may at any time in our discretion, refuse to open an Account, refuse any deposit, limit the amount which may be deposited, return all or any part of a deposit or close the Account without advance notice to the Depositor."

In accordance with these *Rules and Regulations*, and as a result of a recent account review, we find it necessary to discontinue our banking relationship. We must ask that you close the below listed SunTrust accounts by July 30, 2007. If you do not close the accounts by this date, we will close them for you, and either hold the proceeds until we hear from you or we may mail you a check for any collected balance. If any account is overdrawn, the overdrawn amount is a debt owed to SunTrust, and we require payment of any such debt by the aforementioned date. You will be responsible for all items, along with any associated fees, that are presented against the accounts after closure.

Specifically, we require that you close the following accounts:
   0156810004251
   1000051506748

You are hereby being provided notice that all of your SunTrust Treasury Management services or products are being terminated and you will no longer have the ability to use such services or products as of July 30, 2007. We recommend that you begin immediately to make arrangements to transfer these services to a new financial institution.

EXHIBIT
6
2-13-12

FENGAD 800-631-6989

If you have a SunTrust Check Card, it will become inactive within ten days of the date of this letter. Further, all related deposit or account services you may have, including Online Banking, Bill Pay and Overdraft Protection, will also be discontinued at the time your account is closed. In addition, to prepare your account for closing, you may be prohibited from making any deposits into your accounts other than cash after ten days from the date of this letter. In preparation for your account closing, you should begin immediately to make other arrangements for any automated credits to, or debits from, your accounts.

We have appreciated the opportunity to have served you up to this point and regret that we will not be in a position to continue to provide you with these banking services. The decision has been reviewed by SunTrust senior management, and it is final. If I can offer any assistance in closing your accounts, you are welcome to call me at 954-838-4778.

Sincerely,

Ivonne Lopez-Isa
Vice President
Bank Operations

EXHIBIT 6

— . . .042

July 10, 2007

PCO Client Management, Inc.
1217 Cape Coral Pkwy #121
Cape Coral, FL 33904

Re:  Closure of Account No.  2000031965057 & 2000028877271

Reference No. 2007004817

Dear PCO Client Management, Inc:

Wachovia has always prided itself on its commitment towards providing the highest quality service to all of our customers. Despite this commitment to service, we occasionally experience a situation whereby the needs and/or expectations of a client are not compatible with what we are in a position to offer.

Therefore, we are now exercising our option under your deposit agreement to terminate your above-referenced account(s) with our bank.  You need to make arrangements to close your account(s).

If you do not close your account(s), we will close it on August 21, 2007.  At that time:

- Your check writing services will be terminated.
- Your online access will be terminated.
- Your account(s) will then be closed.

You and others you have authorized must now discontinue use of your checks.  We ask that you now destroy your unused checks.

Collected checks presented for payment during the interim will be paid up to the amount of the funds available in your account(s).  Checks presented after the close date will be marked, "account closed."  Please refrain from making any cash deposits into the account(s) at this time.  A seven-day hold will be placed on all checks that are deposited into the account.  Any funds remaining in your account(s) will be forwarded to you in the form of an official check at the address of record.

Please note that account terms and requirements will continue to apply to your account.  We retain the right to take any other action permitted under your deposit agreement(s).

If you have any questions, please contact me at *[704] 427-8444*.  We wish you success in your future financial endeavors.

Sincerely,

**Debbie Olson, Regulatory Risk Control**

EXHIBIT 7

**From:** Stacey Carbone/GBG/WACH [n382313@notes.wachovia.com]
**Sent:** Tuesday, July 10, 2007 7:50 PM
**To:** Joy Robinson/GBG/WACH
**Subject:** Re: PCO CLIENT MANAGMENT, INC

This is the first I am hearing. She may have been forced out of the other bank due to the same information we received. I think this one is out of our hands but I will check when I get back

> From: Joy Robinson
> Sent: 07/10/2007 02:09 PM EDT
> To: Stacey Carbone
> Subject: Fw: PCO CLIENT MANAGMENT, INC

I talked to Debbie this morning and she didn't think that there was enough info to either make a decision to close or leave the account open but she was asking her supervisor to take a look. I just got a voicemail from her that she is sending a 30 day account close letter. I offered your number so that she could call you as well since you met with Angelika....but she was just going to talk to a supervisor. Apparently, there is a Financial Market Warning naming the company that is her client .... which is where the money is wired from and into her Wachovia account that says that they are not authorized to do business in Austria as a result of investor complaints. So...when they saw all the wires going out of Angelika's account and they saw where the $$ came from, they don't feel comfortable. I attached Debbie's info in case you wanted to talk to her.
Angelika is going to Germany for about 10 days to finalize her divorce papers and is going to flip when she gets this letter after all the work that she and "we" have done..... let me know your thoughts. My feeling was that if there was a "warning" out there and someone still wanted to do business, it was "at their own risk". Sort of like when you read complaints about companies with the better business bureau..... I don't know.... I'm not sure this was the right decision.

Joy L. Robinson
Vice President
Small Business Relationship Manager
5094 Airport Road N.
Naples FL 34105
(239) 435-1208
(239) 435-3315 Fax
(239) 273-7851 Mobile
----- Forwarded by Joy Robinson/GBG/WACH on 07/10/2007 02:03 PM -----

Deborah Olson/RMG/WACH
07/10/2007 08:10 AM

> To
> Joy Robinson/GBG/WACH@WACHOVIA
> cc
>
> Subject
> PCO CLIENT MANAGMENT, INC

1

WF-ENG 07694

EXHIBIT 8

**From:**       Joy Robinson/GBG/WACH [n540807@cf.wachovia.com]
**Sent:**       Monday, December 10, 2007 6:26 PM
**To:**         Jennifer Bulten/GBG/WACH
**Subject:**    Re: pco client mgt

I think John Johnston was the one to close it the last I knew.

Joy L. Robinson
Vice President
Small Business Relationship Manager
5094 Airport Road N.
Naples FL  34105
(239) 435-1208
(239) 435-3315 Fax
(239) 273-7851 Mobile


Jennifer Bulten/GBG/WACH
12/10/2007 12:28 PM

        To
        stacey.carbone@wachovia.com, Mindy Pfleger/GBG/WACH@WACHOVIA, Joy
Robinson/GBG/WACH@WACHOVIA
        cc

        Subject
        pco client mgt




Stacey,

Can you believe that they never closed her account, she is so upset.  Now it is showing a -
8K.  How does something so easy get so messed up.  Who sent this letter and was suppose to
close these accounts has been awful at communication, taking action, and follow-up.

*******************************
Jennifer J. Bulten
Financial Specialist
Officer
Midpoint Financial Center
2504 Santa Barbara Blvd
Cape Coral, FL 33914
Tel 239 242-1422
Fax 239 242-1425

1

WF-ENG 07729