UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANZ LESTI and PETRA RICHTER, Individually and on Behalf of All Others Similarly Situated,

-and-

ROBERT E. TARDIF, JR., in his capacity as the Chapter 7 Trustee of the substantively consolidated bankruptcy estates of Debtors, Ulrich Felix Anton Engler, Private Commercial Office, Inc., and PCO Client Management, Inc.,

        Plaintiffs,

vs.

WELLS FARGO BANK, N.A. (f/k/a Wachovia Bank, N.A.),
        Defendant.
_____/

Case No. 2:11-cv-695-FtM-29DNF

**DISPOSITIVE MOTION**

## WELLS FARGO BANK, N.A.'S DISPOSITIVE MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 56 and M.D. Fla. L.R. 3.01, requests entry of summary judgment in its favor and against Plaintiffs, on the grounds that on all claims raised in this action are barred by the statute of limitations. As grounds therefore, Wells Fargo states as follows:

## I. Factual/Procedural History

On December 15, 2011, Plaintiffs, Franz Lesti and Petra Richter (the "Individual Plaintiffs") and the Trustee, Robert E. Tardif, Jr. filed their Class Action Complaint (ECF No. 1)(the "Complaint") seeking to hold Wells Fargo responsible for activity conducted while Debtor, PCO Client Management, Inc. ("PCOM") maintained accounts (the "Accounts") at Wells Fargo. However, as the indisputable facts demonstrate any and all of the alleged transactions which are the subject of this action occurred more than four (4) years prior to the filing of this action, summary final judgment must be entered in favor of Wells Fargo on all claims.

On February 29, 2012, Wells Fargo filed its Motion to Dismiss Complaint (ECF No. 17), seeking dismissal of the entire Complaint with prejudice, among other things, on the grounds that the Plaintiffs' claims were barred by the statute of limitations since each of the transactions at issue occurred prior to December 15, 2007, more than four years prior the filing of the Complaint. Rather, than responding to the Motion to Dismiss the initial Complaint, on March 30, 2012, Plaintiffs filed their Amended Class Action Complaint (ECF No. 24)(the "Amended Complaint"), which Wells Fargo believes was filed in an attempt to circumvent the statute of limitations by deleting the specific dates cited in the Complaint (which were more than four years prior to the filing of the Complaint). In their Amended Complaint, the Individual Plaintiffs are seeking to assert causes of action against Wells Fargo for: (i) Aiding and Abetting Conversion (Count VI); (ii) Aiding and Abetting Fraud (Count VII); (iii) Aiding and Abetting Breach of Fiduciary Duties (Count VIII); and (iv) Unjust Enrichment (Count IX). The Trustee

attempted to assert a cause of action on behalf of the Debtor (PCOM) against Wells Fargo for Negligence and Wire Transfer Liability (Count X).

Thereafter, Wells Fargo filed its Motion to Dismiss Amended Class Action Complaint (ECF No. 43) asserting that each of the Plaintiffs' attempted claims are barred by the statute of limitations. On March 19, 2013, the Court entered its Opinion and Order (ECF. No. 72) on the Motions to Dismiss. As it pertains to Wells Fargo, the Court stated that "while Count VI does not expressly allege any wire transfers occurred after December 15, 2011, the allegations cannot support a defense on a motion to dismiss without viewing the allegations and reasonable inferences in favor of defendant, which is not permitted when resolving a motion to dismiss." *See* Opinion and Order (ECF No. 72), p. 16. The Court declined to grant Wells Fargo's Motion to Dismiss each of the other counts based upon the statute of limitations for the same reason that the timing of Plaintiffs' claims cannot be definitively determined from the face of the Amended Complaint.

As set forth herein, the PCOM Account statements clearly establish that there was absolutely no activity initiated by the Debtors in the Accounts subsequent to December 15, 2007. Accordingly, while the Court was unwilling to make certain inferences at the motion to dismiss phase, based upon the indisputable facts as evidenced by the PCOM Account statements, there is no genuine issue of material fact that any cause of action accrued (if at all) prior to December 15, 2007 and summary final judgment must be immediately entered in favor of Wells Fargo on this entire action.

## II. Statement of Material Indisputable Facts

1. On May 29, 2007, Wells Fargo account number xxxx5057 was opened in the name of PCOM (the "5057 Account"). *See* Affidavit of Edward Proudfoot ("Proudfoot Affidavit"), submitted herewith, at ¶ 4.

2. On June 27, 2007, Wells Fargo account number xxxx7271 was opened in the name of PCOM (the "7271 Account"). *See* Proudfoot Affidavit, at ¶ 5.

3. The 7271 Account was formally closed on October 23, 2007 and no activity occurred on the 7271 Account subsequent to that date. A true and correct copy of the monthly account statement for the 7271 Account for the period of October 1, 2007 through October 31, 2007, which reflects the closing of the 7271 Account on October 23, 2007, is attached to the Proudfoot Affidavit as Exhibit A. *See* Proudfoot Affidavit, at ¶ 6; *see* Exhibit A.

4. Although the 5057 Account was formally closed on January 2, 2008, the Debtors did not initiate any activity or conduct any transactions on the 5057 Account subsequent to December 1, 2007. A true and correct copy of the monthly account statement for the 5057 Account for the period of December 1, 2007 through January 31, 2008 is attached to the Proudfoot Affidavit as Composite Exhibit B. *See* Proudfoot Affidavit, at ¶ 7; *see also* Composite Exhibit B.

5. Indeed, the attached account statements for the 5057 Account evidence that the *only* activity that occurred on the 5057 Account subsequent to December 1, 2007 are internal transactions conducted by Wells Fargo necessary to chargeoff an overdraft (negative) balance in the 5057 Account, which was -$8,471.85 as of December 1, 2007,

and to formally close the 5057 Account. *See* Proudfoot Affidavit, at ¶ 8; *see also* Composite Exhibit B.

6. The December 2007 account statement for the 5057 Account also reflects the application of a monthly service charge for November 2007 in the amount of $122.09. However, Wells Fargo was never paid this service charge, which was charged off at the time Wells Fargo closed the 5057 Account. *See* Proudfoot Affidavit, at ¶ 9; *see also* Composite Exhibit B.

7. Wells Fargo did not collect any fees from the Debtors relative to the Accounts subsequent to December 1, 2007. *See* Proudfoot Affidavit, at ¶ 10; *see also* Composite Exhibit B.

### III. Memorandum of Law

*A.   Standard for Summary Judgment*

Fed. R. Civ. P. 56(a) provides that "A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Pursuant to Fed. R. Civ. P. 56(b), "unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment *at any time* until 30 days after the close of all discovery". (emphasis added).

The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 323 (1986). "Once the motion is supported by a prima facie showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion may not rest upon the mere allegations or denials in its pleadings; rather, its response must show that there is a genuine issue for trial." *In re Pierre*, 198 B.R. 389, 391 (S.D. Fla. 1996) *citing to Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-249 (1986) *and Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Thus, a party, who is faced with a properly supported summary judgment motion, is obligated to come forward with extrinsic evidence which is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" in order to avoid the entry of a summary judgment." *Hilburn v. Murata Elecs. N. Am., Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999) *citing to Celotex*, 477 U.S. at 322. "There is no genuine issue for trial if the record, taken as a whole, does not lead a rational trier of fact to find for the non-moving party." *Pierre*, 198 B.R. at 391 *citing to Matsushita*, 475 U.S. at 587.

**B.** ***There is No Genuine Issue of Fact that All Claims Are Barred By the Statute of Limitations***

Summary judgment is proper since there is no genuine issue of fact that the Plaintiffs' claims are barred by the statute of limitations. Pursuant to Fla. Stat. 95.11(3), there is a four (4) year statute of limitations for each of the attempted causes of action alleged in the Amended Complaint. Pursuant to Fla. Stat. 95.031(1) "A cause of action accrues when the last element constituting the cause of action occurs". Here, each of the attempted claims raised by Plaintiffs are clearly barred by the statute of limitations since this lawsuit was filed on December 15, 2011, but the indisputable facts establish that any

alleged cause of action accrued (if at all) prior to December 1, 2007, more than four (4) years prior to the filing of this action. Furthermore, for the reasons set forth in the Court's Opinion and Order (ECF No. 72), there is no basis for delaying the accrual or tolling of the statute of limitations as to any attempted claims herein.

### 1. *The Aiding And Abetting Claims*

In Counts VI – VIII, the Individual Plaintiffs are seeking to assert causes of action against Wells Fargo for: (i) Aiding and Abetting Conversion (Count VI); (ii) Aiding and Abetting Fraud (Count VII); (iii) Aiding and Abetting Breach of Fiduciary Duties (Count VIII). Counts VI – VIII are collectively referred to herein as the "Aiding and Abetting Claims." "To state an aiding and abetting claim, Plaintiffs must allege (1) an underlying violation on the part of the primary wrongdoer, (2) knowledge of the underlying violation by the alleged aider and abettor, and (3) the aider and abettor's knowing rendition of substantial assistance in the commission of the wrongdoing." *Lawrence v. Bank of America, N.A.*, 2010 WL 3467501 at *3, (M.D. Fla. 2010) *affirmed Lawrence v. Bank of America, N.A.*, 455 Fed.Appx. 904 (11th Cir. 2012).

Here, the Individual Plaintiffs allege that they deposited monies into the Accounts in connection with their investments with the Debtors. *See* Amended Complaint (ECF No. 24), ¶¶ 9-10. However, since the indisputable evidence establishes that any proceeds invested by the Individual Plaintiffs were removed from the Accounts prior to December 1, 2007, it is clear that any cause of action accrued prior to December 1, 2007. In particular, the 7271 Account was closed on October 23, 2007. *See* Proudfoot Affidavit, at ¶ 6; *see* Exhibit A. The 5057 Account had an overdraft (negative) balance of

$8,471.85 on December 1, 2007 and there was absolutely no activity initiated by the Debtors on the 5057 Account subsequent to December 1, 2007. *See* Proudfoot Affidavit, at ¶ 7-9; *see* Composite Exhibit B.

Based upon the foregoing, it is undisputable that any alleged underlying conversion, fraud, or breach of fiduciary duty relative to the Individual Plaintiffs' investments occurred prior to December 15, 2007. Likewise, as all the proceeds allegedly invested had been removed from the Accounts prior to December 15, 2007, it is clear that any purported assistance by Wells Fargo must have occurred and been completed prior to December 15, 2007.

Accordingly, as any alleged activity by the Debtors on the Accounts occurred prior to December 15, 2007, it is clear that each of the Aiding and Abetting Claims are barred by the statute of limitations.[1]

### 2. *The Unjust Enrichment Claim*

In Count IX, the Individual Plaintiffs are attempting to assert a cause of action against Wells Fargo claiming that Wells Fargo was unjustly enriched by the service/transaction fees generated by PCOM's wire transfers into and out of the Accounts. *See* Amended Complaint (ECF No. 24), ¶118. However, this claim is barred by the statute of limitations and summary judgment must be entered in favor of Wells

---

[1] In its Opinion and Order (ECF No. 72), the Court dismissed Counts VIII and X without prejudice on other grounds. However, any attempt by Plaintiff to re-plead these claims to cure their pleading deficiencies would be futile as such claims are also clearly barred by the statute of limitations. Accordingly, summary final judgment on this entire action is warranted at this time because leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Fargo on this claim as the indisputable evidence establishes that PCOM did not initiate any wire transfers on its Accounts within four (4) years of filing of the complaint. *See* Proudfoot Affidavit, at ¶ 6-9; *see also* Exhibit A, Composite Exhibit B. In fact, the 7271 Account was formally closed on October 23, 2007, and the Debtors did not conduct any activity on the 5057 Account subsequent to December 1, 2007. Wells Fargo did not collect any fees from the Debtors relative to the Accounts subsequent to December 1, 2007. *See* Proudfoot Affidavit, at ¶ 10; *see also* Composite Exhibit B. Thus, Wells Fargo was not, and could not have been unjustly enriched by any fees from any wire transfers subsequent to December 15, 2007 because there were none.

### 3. *The Trustee's Claims*

In Count X, the sole count asserted by the Trustee against Wells Fargo, the Trustee sought to assert a claim against Wells Fargo for negligence and wire transfer liability "relating to wire transfers conducted at the direction of the debtor [PCOM], and the subsequent wrongful and improper transfer of funds related to such wire transfers." *See* Amended Complaint (ECF No. 24), ¶124. In its Opinion and Order (ECF No. 72), this Court dismissed the Trustee's claim without prejudice because "the Trustee lacks standing to assert any claims of the investors...and cannot set forth a plausible negligence claim or wire liability claim on behalf of the Debtors for doing what the Debtors instructed[.]" *See* Opinion and Order (ECF No. 72), p. 29. As of the filing of this Motion, the Trustee was undecided as to whether he will attempt to amend his dismissed claim. However, any attempt by the Trustee to re-plead this claim would clearly be barred by the statute of limitations since the indisputable evidence establishes that any

activity conducted by the Debtors on the Accounts occurred more than four (4) years prior to the filing of the Complaint.

### 4. *The Delayed Discovery Doctrine Does Not Impact This Case*

The only possible cause of action to which the delayed discovery rule could apply is the Individual Plaintiffs' cause of action for Aiding and Abetting Fraud (Count VII). Pursuant to Fla. Stat. §95.031(2)(a), "an action founded upon fraud under s. 95.11(3), including constructive fraud, must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence." Fla. Stat. §95.031(2)(a). "Aside from the provisions above for the delayed accrual of a cause of action in cases of fraud, products liability, professional and medical malpractice, and intentional torts based on abuse, there is no other statutory basis for the delayed discovery rule" *Davis v. Monahan,* 832 So.2d 708, 710 (Fla.2002) (expressly holding that "the delayed discovery doctrine does not apply to this claims raised in this case" for breach of fiduciary duty, conversion, civil conspiracy, unjust enrichment, and civil theft.); *see also* Fla. Stat. §95.031.

As noted by the Court in its Opinion and Order (ECF No. 72), "under the facts of the Amended Complaint, plaintiffs were put on notice of the Ponzi scheme on November 22, 2006, when the AFMA issued a public warning about Engler and his business practices...and therefore the delayed discovery doctrine does not impact the accrual of the statute of limitations." *See* Opinion and Order (ECF No. 72), pp. 17-18, see also Amended Complaint (ECF No. 24), ¶39. Moreover, in their Answers to Wells Fargo's

Interrogatories, which are filed simultaneously herewith, the Individual Plaintiffs each unequivocally state: ""Plaintiff discovered and/or determined that the Debtors committed misconduct when German authorities publically announced their investigation into the Debtors' scheme and contacted the victims, including Plaintiff, in or about early 2007." *See* Answers to Interrogatories, at p. 29, Interrogatory Number 14.

Thus, as the Individual Plaintiffs were on notice from November 22, 2006 and, in fact, were directly contacted by the German authorities in or about early 2007, the delayed discovery rule has no impact on the result that the Individual Plaintiffs' claims are barred by the statute of limitations. Likewise, the Debtors (in whose shoes the Trustee stands) obviously had knowledge of any transactions they directed at the time they occurred. Accordingly, the delayed discovery doctrine could never have any application to any claims or attempted claims by the Trustee.

### 5. *Equitable Tolling Does Not Apply*

The circumstances upon which the statute of limitations may be tolled are enumerated in Fla. Stat. 95.051. However, as noted by the Florida Supreme Court in *Hearndon*, the tolling statute specifically precludes application of any tolling provision not specifically provided therein. *Hearndon*, 767 So.2d at 1185; *see also* Fla. Stat. 95.051(2). It is clear that none of the provisions set forth in Fla. Stat. 95.051 apply to the circumstances alleged herein. Moreover, there is no legal basis for applying the doctrine of equitable tolling to the Trustee. As the Court noted in its Opinion and Order (ECF No. 72), "the Court does not find that the Trustee's appointment on April 30, 2008 "in some extraordinary way" prevented the Debtors, or then the Trustee from asserting the

Debtor's rights prior to the [expiration of the statute of limitations in 2011]. Thus, the Court will not apply the doctrine of equitable tolling." *See* Opinion and Order (ECF No. 72), p. 23. The Court's statements in this regard have equal applicability as to any attempted claims against Wells Fargo.

### III. CONCLUSION

Each of the Plaintiffs' attempted claims in this action are barred by the statute of limitations because the indisputable evidence establishes all of the transactions alleged in the Amended Complaint occurred prior to December 1, 2007, and more than four (4) years prior to the filing of this action on December 15, 2011. Thus, any attempted cause of action accrued (if at all) prior to December 1, 2007 and expired prior to the filing of the Complaint of December 15, 2011. Moreover, as a matter of law based upon the indisputable facts, neither the delayed discovery doctrine nor the doctrine of equitable tolling have any impact on the expiration of Plaintiffs' attempted claims prior to the filing of this action.

Accordingly, at this juncture, Final Summary Judgment in favor of Wells Fargo and against all Plaintiffs is warranted on this entire action. Wherefore, Wells Fargo moves the Court for an entry of an Order granting final summary judgment in its favor and against Plaintiffs on all claims, and for such other and further relief as the Court deems necessary and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of April, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated: April 4, 2013
West Palm Beach, Florida

          **FOX ROTHSCHILD LLP**

          /s/ Elliot A. Hallak
          Amy S. Rubin (Florida Bar No.: 476048)
          arubin@foxrothschild.com
          Heather L. Ries (Florida Bar No.: 581933)
          hries@foxrothschild.com
          Elliot A. Hallak (Florida Bar No.: 762741)
          ehallak@foxrothschild.com
          Thomas C. Allison (Florida Bar No.: 35242)
          tallison@foxrothschild.com
          222 Lakeview Avenue, Suite 700
          West Palm Beach, FL 33401
          Telephone: 561.835.9600
          Facsimile: 561.835.9602

       *Attorneys for Defendant, Wells Fargo Bank, N.A.*

## SERVICE LIST
*Franz Lesti, et al. v. Wells Fargo Bank, N.A.*
Case No: 2:11-CV-695-FtM-29DNF
United States District Court, Middle District of Florida

**Electronically by CM/ECF System**
Amy S. Rubin (Florida Bar Number: 476048)
Heather L. Ries (Florida Bar No.: 581933)
Elliot A. Hallak (Florida Bar Number: 762741)
Thomas C. Allison (Florida Bar No. 35242)
Fox Rothschild LLP
222 Lakeview Avenue, Suite 700
West Palm Beach, FL 33401
Telephone: 561.835.9600
Facsimile: 561.835.9602
*arubin@foxrothschild.com*
*ehallak@foxrothschild.com*
*hries@foxrothschild.com*
*tallison@foxrothschild.com*


Stuart A. Davidson (Florida Bar Number: 084824)
Paul J. Geller (Florida Bar Number: 984795)
Robert J. Robbins (Florida Bar Number: 572233)
Cullin A. O'Brien (Florida Bar Number: 597341)
Christopher Martins (Florida Bar Number: 88733)
Bailie L. Heikkinen, (Florida Bar Number: 55998)
Robbins Geller Rudman & Dowd LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33433
Telephone: 561.750.3000
Facsimile: 561.750.3364
*sdavidson@rgrdlaw.com*
*pgeller@rgrdlaw.com*
*rrobbins@rgrdlaw.com*
*cobrien@rgrdlaw.com*
*cmartins@rgrdlaw.com*
*bheikkinen@rgrdlaw.com*


Robert F. Elgidely (Florida Bar Number: 111856)
Genovese Joblove & Battista, P.A.
200 E. Broward Blvd., Suite 1110

Fort Lauderdale, FL  33301
Telephone: 954.453.8022
Facsimile: 954.331.2907
*relgidely@gjb-law.com*


Carmen Contreras-Martinez (Florida Bar Number: 093445)
Genovese Joblove & Battista, P.A.
100 Southeast Second Street
44th Floor
Miami, FL 33131
Telephone:  (305) 349-2300
Facsimile:   (305) 349-2310
ccontreras@gjb-law.com


David A. Samole (Florida Bar No. 582761)
Jessica E. Elliott (Florida Bar No. 89021)
Kozyak, Tropin & Throckmorton, P.A.
2525 Ponce De Leon, 9th Floor
Miami, Florida 33134
Phone: (305) 372-1800
Fax: (305) 372-3508
das@kttlaw.com
jee@kttlaw.com