```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

FRANZ LESTI and PETRA RICHTER,

                      Plaintiffs,

vs.                                           Case No.   2:11-cv-695-FtM-29DNF

WELLS FARGO BANK, N.A., formerly
known as Wachovia Bank, N.A.,

                      Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on Wells Fargo Bank, N.A.'s Dispositive Motion for Summary Judgment (Doc. #78) filed on April 4, 2013. Plaintiffs filed an Opposition (Doc. #83) on April 22, 2013. For the reasons set forth below, the motion is denied.

### I.

The Amended Complaint against defendants Wells Fargo Bank, N.A. (Wells Fargo) and SunTrust Bank (SunTrust) sought forth ten state law claims. (Doc. #24.) In a nutshell, the Amended Complaint alleged that each bank knowingly and/or negligently assisted one of their customers and his minions with a Ponzi scheme being implemented to loot millions of dollars from innocent foreign investors. Two plaintiffs, Franz Lesti (Lesti) and Petra Richter (Richter), brought four claims against Wells Fargo. Six plaintiffs

brought four claims against SunTrust. The Bankruptcy Trustee brought two claims, one against each defendant.

Defendants sought dismissal of all counts of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), asserting that all of the counts were time-barred under the applicable statute of limitations, or alternatively, that the claims were insufficiently pled. (Docs. ## 35, 43.) In its March 19, 2013 Opinion and Order, the Court dismissed with prejudice all counts against defendant SunTrust (Counts I, II, III, IV, and V) as time-barred and dismissed without prejudice Counts VIII and X against defendant Wells Fargo as insufficiently pled. (Doc. #72.) Plaintiffs' deadline to amend their complaint expired on May 17, 2013. (Doc. #83.) Therefore, what remains before the Court are claims by plaintiffs Lesti and Richter against defendant Wells Fargo for Aiding and Abetting Conversion (Count VI), Aiding and Abetting Fraud (Count VII), and Unjust Enrichment (Count IX).

On April 4, 2013, Wells Fargo filed a Dispositive Motion for Summary Judgment (Doc. #78) reasserting its statute of limitations argument as to the remaining counts as a motion for summary judgment.

**II.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(c). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999)(quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)(finding summary judgment "may be inappropriate where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

**III.**

In its earlier Opinion and Order, the Court determined that: (1) Florida law provides the appropriate statute of limitations; (2) the parties agree that all of plaintiffs' claims are governed by a four-year statute of limitations; (3) the statute of limitations begins to run when the cause of action accrues, which is generally on the date the last element constituting the cause of action occurs; and (4) the delayed discovery doctrine does not impact the accrual of the statute of limitations in this case. (Doc. #72, pp. 12, 17, 18.)  The Court will apply the statute of limitations to each remaining count individually.

**A.  Count VI:  Aiding And Abetting Conversion**

Count VI of the Amended Complaint alleges that Wells Fargo aided and abetted Angelika Neumeier-Fuchs (Fuchs), Ulrich Felix Anton Engler (Engler), and PCO Client Management, Inc. (PCOM) in their unlawful conversion of funds provided by innocent investors. This aiding and abetting consisted of Wells Fargo continuing to process numerous receipts and disbursements of funds in the form of international wire transfers to and from PCOM's accounts at Wells Fargo, causing losses exceeding $35 million.  (Doc. #24, ¶ 102.) It is alleged that Wells Fargo had actual knowledge of the fraudulent use of the accounts no later than June 8, 2007.  (Id., ¶¶ 44, 101.)

The elements necessary to sustain the aiding and abetting claim are: "(1) an underlying violation on the part of the primary wrongdoer; (2) knowledge of the underlying violation by the alleged aider and abetter; and (3) the rendering of substantial assistance in committing the wrongdoing by the alleged aider and abettor." Lawrence v. Bank of Am., N.A., 455 F. App'x 904, 906 (11th Cir. 2012)(citations omitted). The "underlying violation" in these counts is conversion. "It is well settled that a conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time." Mayo v. Allen, 973 So. 2d 1257, 1258-59 (Fla. 1st DCA 2008).

The Amended Complaint alleges in relevant part: (1) on July 10, 2007, Wells Fargo sent a letter to PCOM stating that the accounts "should be closed voluntarily by August 21, 2007, or would be closed involuntarily by such date," (Doc. #24, ¶ 49); (2) the accounts remained open until in or about January 2008, (id., ¶ 50); (3) after the letter was sent to PCOM, Fuchs repeatedly requested that Wells Fargo close the accounts, (id., ¶ 53); and (4) in an e-mail dated December 10, 2007, a Wells Fargo representative stated that the account was still open and showed a balance of "-8k," (id., ¶ 55).

In support of its motion for summary judgment, defendant Wells Fargo has filed an Affidavit by Edward Proudfoot, Market Support Consultant for Wells Fargo. (Doc. #78-1.) The Affidavit states in

relevant part: (1) on May 29, 2007, Wells Fargo account number xxxx5057 (the 5057 Account) was opened in the name of PCOM, (id., ¶ 4); (2) on June 27, 2007, Wells Fargo account number xxxx7271 (the 7271 Account) was opened in the name of PCOM, (id., ¶ 5); (3) on October 23, 2007, the 7271 Account was formally closed, (id., ¶ 6); (4) on January 2, 2008, the 5057 Account was formally closed, (id., ¶ 7); (5) the Debtors[1] did not initiate any activity or conduct any transactions on the 5057 Account subsequent to December 1, 2007, (id.); (6) the only activity that occurred on the 5057 Account after December 1, 2007 were internal transactions by Wells Fargo necessary to chargeoff an overdraft (negative) balance in the 5057 Account, which was -$8,471.85 as of December 1, 2007, (id., ¶ 8); (7) the December 2007 account statement for the 5057 Account reflects the application of a monthly service charge for November 2007 in the amount of $122.09, (id., ¶ 9); and (8) Wells Fargo did not collect any fees from the Debtors relative to the accounts after December 1, 2007, (id., ¶ 10). The Affidavit refers to and attaches the October 2007 account statement for the 7271 Account (Doc. #78-2) and the December 2007 and January 2008 account statements for the 5057 Account (Doc. #78-3).

In support of their opposition, plaintiffs have filed a Declaration by Stuart A. Davidson, Esquire, one of plaintiffs' attorneys. (Doc. #84.) Attached to the Declaration are e-mails,

---

[1] The term "Debtors" is not defined in the affidavit.

letters, and account statements.  The e-mails include: (1) an e-mail dated July 27, 2007, in which a Wells Fargo employee states that "they will extend the close date past the date of Aug 21st to allow the client sufficient time to move their account," (Doc. #84-6); (2) an e-mail dated September 18, 2007, in which a Wells Fargo employee states that "Jennifer is hesitant to close the account since there are significant amount of service fees that may hit after the account closes," (Doc. #84-7); (3) an e-mail dated September 26, 2007, in which a Wells Fargo employee states that Fuchs "asked that we leave the account open for 6 more weeks to clear up any wire issues" and that permission was received to leave the account open until November 9th, (Doc. #84-9); (4) an e-mail dated November 7, 2007, in which a Wells Fargo employee states that "[t]he account will be closing very soon," (Doc. #84-14); and (5) an e-mail dated December 18, 2007, in which a Wells Fargo employee states that "one of the accounts is overdrawn again" and requests help to "get this rectified once and for all," (Doc. #84-16).

The issue is whether Wells Fargo's alleged rendering of substantial assistance in committing the conversion accrued after December 15, 2007.  Given the lack of clarity as to the significance of Wells Fargo's activities after December 15, 2007, the Court, drawing all reasonable inferences in favor of the plaintiffs, finds that there remains a genuine issue as to whether

Count VI is time-barred.  Therefore, Wells Fargo's motion for summary judgment as to Count VI is denied.

### B. Count VII: Aiding And Abetting Fraud

Count VII of the Amended Complaint alleges that the same conduct by Wells Fargo aided and abetted Engler in the fraud he perpetrated to obtain funds provided by innocent investors pursuant to his Ponzi scheme.

The elements of an aiding and abetting claim are as set forth above. Lawrence, 455 F. App'x at 906. "An aggrieved party proves common law fraud by establishing that: (1) the opposing party made a misrepresentation of a material fact, (2) the opposing party knew or should have known the falsity of the statement, (3) the opposing party intended to induce the aggrieved party to rely on the false statement and act on it, and (4) the aggrieved party relied on that statement to his or her detriment." Jackson v. Shakespeare Found., Inc., 108 So.3d 587, 595 n.2 (Fla. 2013)(citing Butler v. Yusem, 44 So.3d 102, 105 (Fla. 2010)).

Again the Court finds that there is a genuine issue of dispute as to the timing of Wells Fargo's alleged substantial assistance. Therefore, Wells Fargo's motion for summary judgment as to Count VII is denied.

### C. Count IX: Unjust Enrichment

Count IX of the Amended Complaint alleges that PCOM conferred a benefit upon Wells Fargo by making wire transfers into and out of

PCOM's accounts, thereby accruing significant fees, which were paid with misappropriated investor funds. (Doc. #24, ¶ 118.) It further alleges that Wells Fargo knowingly and voluntarily accepted and retained these benefits with respect to transaction/service fees, and has thus been unjustly enriched at the expense of the innocent investors. (Id., ¶¶ 119, 120.) Because it would be inequitable and unjust for Wells Fargo to retain these benefits, Count IX alleges the innocent investors are entitled to the return of these amounts. (Id., ¶¶ 121, 122.)

"A claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendant[ ] to retain it without paying the value thereof." Virgilio v. Ryland Grp., Inc., 680 F.3d 1329, 1337 (11th Cir. 2012)(citations omitted). The benefits alleged to have been conferred were the fees earned by Wells Fargo for the international wire transfers through its accounts. Drawing all reasonable inferences in favor of plaintiffs, the Court finds that there remains a genuine issue as to whether plaintiffs conferred a benefit to defendant Wells Fargo after December 15, 2007. Therefore, Wells Fargo's motion for summary judgment is denied as to Count IX.

Accordingly, it is now

**ORDERED:**

Wells Fargo Bank, N.A.'s Dispositive Motion for Summary Judgment (Doc. #78) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>20th</u> day of November, 2013.

```
                                    _____
                                    JOHN E. STEELE
                                    UNITED STATES DISTRICT JUDGE
```

Copies: Counsel of record