UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANZ LESTI, individually and on behalf of all others similarly situated, PETRA RICHTER, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.                                    Case No: 2:11-cv-695-FtM-29DNF

WELLS FARGO BANK NA,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on plaintiffs' Objection to and Motion to Overturn Magistrate Judge's Order on Defendant Wells Fargo Bank, N.A.'s Motion to Compel Plaintiffs' Appearance in This District for Depositions and Mediation as to Plaintiff Franz Lesti, Alternative Motion for Leave By Plaintiff Lesti To Withdraw as Named Plaintiff and Proposed Class Representative (Doc. #170) filed on February 26, 2014. Defendant filed a Response (Doc. #173) on February 27, 2014.

**Background**

Plaintiffs Franz Lesti and Petra Richter, along with the Trustee for the debtors Ulrich Felix Anton Engler, Private

Commercial Office, Inc. and PCO Client Management, Inc., initiated this lawsuit by filing the original Class Action Complaint (Doc. #1) on December 15, 2011.  Defendant appeared and plaintiffs filed an Amended Class Action Complaint (Doc. #24) on March 30, 2012, adding plaintiffs and thereby mooting defendant's previous motion to dismiss.  Defendant appeared in response to the amended pleading by way of motion to dismiss, and on March 19, 2013, the Court issued an Opinion and Order (Doc. #72) dismissing Counts I through V with prejudice relating to all the added plaintiffs, dismissing Counts VIII and X without prejudice and dismissing the Trustee, and directing plaintiffs to comply with the Magistrate Judge's August 2, 2012, Order (Doc. #65) directing the filing of a Case Management Report upon ruling.  On April 4, 2013, defendant sought summary judgment, and on April 9, 2013, defendant filed an Answer and Affirmative Defenses (Doc. #81).  The parties conducted discovery during the pendency of the motion, and on November 20, 2013, the Court issued an Opinion and Order (Doc. #116) denying summary judgment.  On December 6, 2013, plaintiffs filed their Amended Motion for Class Certification (Doc. #128).  Defendant's response is due fourteen days from the date of plaintiffs' depositions.  (Doc. #168.)

On January 24, 2014, the Magistrate Judge issued an Order (Doc. #150) granting plaintiffs' Time Sensitive Motion for

Protective Order Regarding Defendant's Unilateral Notice of Taking Depositions of Franz Lesti and Petra Richter Set for January 29 and 30, 2014 (Doc. #149) without the benefit of a response because it was time sensitive and defendant did not give enough notice. The parties were directed to confer and schedule "the Plaintiffs' depositions in a manner (such as live or by video), in a location, and for a date and time that is convenient for counsel and for the deponents."  (Doc. #150, p. 2.)  On February 20, 2014, the Magistrate Judge issued an Order (Doc. #167) granting defendant's Motion to Compel Plaintiffs' Appearance in This District for Depositions and Mediation as to plaintiff Franz Lesti.  Plaintiff Franz Lesti was directed to appear in-person for a mediation scheduled for March 7, 2014, in Miami, Florida, and to appear in person in the Middle District of Florida in the month of March at a date and time convenient to "Mr. Lesti and to counsel for all parties."  (Doc. #167, p. 3.)(emphasis added).  Plaintiffs' object to this Order, and otherwise seek alternative relief.

**Objection to Order (Doc. #167)**

Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court may reconsider or review the Magistrate Judge's Order on a pretrial matter if shown that it was clearly erroneous or contrary to law.  See also Fed. R. Civ. P. 72(a).  "The judge may also receive further

evidence or recommit the matter to the magistrate judge with instructions." Id.

Plaintiffs acknowledge that "ordinarily, plaintiffs must appear for deposition in the district where they sued", and further acknowledge that they have "special obligations" when seeking to act as a class representative. (Doc. #170, p. 4.) Plaintiffs assert that this case is "akin" to securities litigation and therefore counsel's qualifications as class counsel should be the focus. This case is not presented under securities law. Plaintiff Lesti's difficulties with travel because he is self-employed and his brief absence may put his business and livelihood at risk do not provide a basis for extenuating circumstances such that the Magistrate Judge's Order was clearly erroneous. The objection is overruled.

**Alternative Motion to Withdraw as Class Representative**

Plaintiff seeks to withdraw himself from litigation as a named plaintiff and proposed class representative, leaving Petra Richter to proceed as the sole named plaintiff and class representative. Plaintiff asserts that Fed. R. Civ. P. 41(a) and Fed. R. Civ. P. 23(e) do not apply, but rather, Fed. R. Civ. P. 21 should be applied. Defendant objects to the withdrawal of Mr. Lesti. Defendant argues that it should be provided an opportunity to show that Lesti's claims are substantially different than Petra

Richter's claims in opposing class certification. Defendant further argues that Lesti should not be insulated from further discovery because it would be materially prejudiced.

The Court agrees that Rule 23(e) does not apply to this situation as no class has been certified requiring Court approval. Contrary to plaintiff's argument, the Court finds that Rule 21 also does not apply as no misjoinder occurred in this case. "Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. See also Sabolsky v. Budzanoski, 457 F.2d 1245, 1249 (3d Cir. 1972)("The proper remedy in case of misjoinder is to grant severance or dismissal to the improper party if it will not prejudice any substantial right."). Plaintiff is clearly seeking a voluntary dismissal, and therefore the Court will consider the request pursuant to Fed. R. Civ. P. 41(a)(2).

Rule 41(a)(2) allows the dismissal of an action at plaintiff's request "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41. Voluntary dismissals "sought in good faith are generally granted 'unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical advantage.'" In re: Vitamins Antitrust Litig., 198 F.R.D. 296, 304 (D.D.C. 2000) (quoting Conafay v. Wyeth Labs., 793 F.2d 350, 353 (D.C. Cir. 1986)). See also McCants v. Ford Motor

Co., 781 F.2d 855, 857 (11th Cir. 1986). Dismissal on the motion of plaintiff is at the discretion of the court. Id.

Plaintiff relies on the unpublished decision In re Currency Conversion Fee Antitrust Litig., 2004 U.S. Dist. LEXIS 22132 (S.D.N.Y. Nov. 3, 2004)[1] for the proposition that Lesti be permitted to withdraw because he should not be compelled to litigate his claim. Plaintiff also relies on Eckert v. Equitable Life Assurance Soc'y of the U.S., 227 F.R.D. 60, 64 (E.D.N.Y. 2005), wherein the request to withdraw due to a settlement was filed prior to defendant's answer and prior to the filing of a motion for class certification. In this case, an Answer and Motion for Summary Judgment were filed and litigation has been ongoing for several years. See, e.g., In re Vitamins Antitrust Litig., 198 F.R.D. at 305 ("Most denials of voluntary dismissals are justified by the fact that defendants had already filed motions for summary judgment or that the parties were on the eve of trial.").

The Court is not inclined to allow the voluntary dismissal of Lesti without prejudice.

Accordingly, it is now

---

[1] The court subsequently denied a request to name a new representative and therefore declined to certify a subclass without a class representative. In re Currency Fee Antitrust Litig., 361 F. Supp. 2d 237, 248 (S.D.N.Y. 2005).

**ORDERED:**

1. Plaintiffs' Objection to and Motion to Overturn Magistrate Judge's Order on Defendant Wells Fargo Bank, N.A.'s Motion to Compel Plaintiffs' Appearance in This District for Depositions and Mediation as to Plaintiff Franz Lesti, Alternative Motion for Leave By Plaintiff Lesti To Withdraw as Named Plaintiff and Proposed Class Representative (Doc. #170) is **OVERRULED.**

2. Plaintiffs' Alternative Motion for Leave By Plaintiff Lesti To Withdraw as Named Plaintiff and Proposed Class Representative (Doc. #170) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___4th___ day of March, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Hon. Douglas N. Frazier
Counsel of Record