UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANZ LESTI and PETRA RICHTER,

    Plaintiffs,

vs.                                  Case No. 2:11-cv-695-FtM-29DNF

WELLS FARGO BANK, N.A., formerly
known as Wachovia Bank, N.A.,

    Defendant.
_____/

## DEFENDANT, WELLS FARGO BANK, N.A.'S, MOTION FOR SANCTIONS FOR FAILURE TO APPEAR AT MEDIATION AND INCORPORATED MEMORANDUM OF LAW

Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its undersigned attorneys and pursuant to M.D. Fla. L.R. 3.01 and 9.05, requests that this Court enter sanctions upon Plaintiffs based upon the failure of the Plaintiff, Franz Lesti, to appear at mediation in willful violation of this Court's Orders. In support hereof, Wells Fargo states:

1.    Plaintiffs have exhibited a callous disregard for the Orders of this Court based upon Franz Lesti's failure to appear at the March 7, 2014 mediation in this matter, despite the entry of two (2) orders by this Court in the preceding two (2) weeks expressly directing his personal appearance at mediation.

2.    The February 20, 2014, Order (ECF No. 167) on Wells Fargo's Motion to Compel Plaintiffs' Appearance in this District for Depositions and Mediation (ECF No. 152) expressly provides: "Mr. Lesti shall appear for the mediation scheduling on March 7, 2014 in Miami, Florida." *See* Order, (ECF No. 167), p. 3.

3. On February 26, 2014, following the entry of the Order (ECF No. 167), Plaintiffs, Franz Lesti and Petra Richter, filed their Objection to and Motion to Overturn Magistrate Judge's Order on Defendant Wells Fargo Bank, N.A.'s Motion to Compel Plaintiffs' Appearance in this District for Depositions and Mediation (ECF No. 170)("Plaintiffs' Objection"). Knowing that timing was critical since mediation was set for March 7, 2014, Wells Fargo expeditiously filed its response to Plaintiffs' Objection the very next day (ECF No. 173).

4. On March 4, 2014, this Court, also obviously realizing the time sensitivity involved, promptly entered its Opinion and Order (ECF No. 176) overruling and denying Plaintiffs' objection and thereby affirming this Court's Order (ECF No. 167) that Franz Lesti was required to appear at the March 7, 2014 mediation in this matter.

5. As this Court has noted "Mr. Lesti should have known when he brought this action, especially if he is attempting to be a class representative, that his appearance in the Middle District of Florida would be required for deposition as well as for mediation." *See* Order (ECF No. 167), pp. 2-3. This Court has also noted Plaintiffs' acknowledgement that they have "special obligations" when seeking to act as a class representative. *See* Opinion and Order (ECF No. 176), p. 4.

6. In its March 4, 2014 Opinion and Order (ECF No. 176), this Court also denied Plaintiffs' alternative request for Franz Lesti to withdraw as a named Plaintiff and proposed class representative. As noted in this Court's Opinion and Order (ECF No. 176), pp. 4-5, Wells Fargo has advised the Court that the withdrawal of Franz Lesti as a named Plaintiff at this time would be highly prejudicial to Wells Fargo's right to establish that Franz Lesti's

claims are substantially different from those of Petra Richter's in response to Plaintiffs' Amended Motion for Class Certification (ECF No. 128).

7. For example, among many other potential differences between the circumstances of Petra Richter, Franz Lesti, and the other putative class members (and contrary to the allegations of the Amended Complaint (ECF No. 24), ¶¶ 26-27), at her March 6, 2014 deposition, Petra Richter testified that she never even spoke with or met Ulrich Engler ("Engler"), and rather acted on a "secret tip" from an individual named Tobias Junemann in entering into her Promissory Note and Loan Agreement providing for her to be paid $391,574.57 in seven years and one day on a principal loan of $6,500.00 (an annual interest rate exceeding 800%). Petra Richter admitted at her deposition that this rate of return was "unbelievable". According to his interrogatory answers, Franz Lesti was contacted by German authorities regarding the "Debtor's scheme" "in or about early 2007", which is before he entered into his *third* Promissory Note and Loan Agreement with Engler in July 2007. It appears that the proceeds of his previous two Promissory Notes and Loan Agreements were deposited into SunTrust Bank, against whom all claims have been dismissed. It is unclear whether Franz Lesti was repaid on those loans prior to making his third loan to Engler. Also Franz Lesti completed a number of forms in connection with his loans to Engler which Petra Richter claims she had never even seen. Thus, there are substantial differences between the claims of Petra Richter, Franz Lesti, and the other putative class members, for which Wells Fargo is entitled to conduct discovery and develop a full record in connection with its response to Plaintiffs' Amended Motion for Class Certification (ECF No. 128).

8. Wells Fargo's representative flew from Minnesota to Florida on the evening of March 5, 2014 to attend the March 7, 2014 mediation.

9. On the evening of March 6, 2014 (the day prior to the mediation and after Wells Fargo's representative had arrived in Florida), and while the deposition of Petra Richter was in progress, Franz Lesti filed his Motion to Voluntarily Dismiss Claims With Prejudice (ECF No. 179)(the "Motion to Dismiss"), which was not labeled as time sensitive. Despite lead counsel for Wells Fargo being in the same room as Plaintiffs' counsel for the entire day on March 6, 2014, Plaintiffs' counsel never discussed the Motion to Dismiss with lead counsel for Wells Fargo prior to filing the Motion to Dismiss.

10. The Motion to Dismiss contains the unsubstantiated and unverified statement of Plaintiffs' counsel that "Lesti is simply unable to travel from Florida to Germany **this week**..." at which time Plaintiffs inferred, but stopped short of saying, that they intended to violate this Court's Orders requiring Franz Lesti's appearance at mediation. *See* Motion to Dismiss (ECF No. 179), ¶4 (emphasis added).

11. Plaintiffs never sought leave from the Court to change the date of the mediation date. Petra Richter filed no request for relief of any kind from the Court's denial of Plaintiffs' Objection and this Court's Orders to which she is also a party.

12. Nor did Plaintiffs' counsel in any way inform or infer to counsel for Wells Fargo that Franz Lesti did not intend to comply with the Court's Orders (ECF Nos. 167 and 176) until after Wells Fargo's representative already arrived in Florida from Minnesota for mediation.

13. As previously explained, Plaintiffs should not be permitted to dismiss Franz Lesti and thereby insulate Franz Lesti from discovery and (particularly class-based

discovery) on the eve of Wells Fargo's response deadline to Plaintiffs' Amended Motion for Class Certification (ECF No. 128), in an effort to prevent Wells Fargo from differentiating proposed class members.

14. By Franz Lesti failing to appear at mediation, Plaintiffs apparently thought they would achieve exactly what they desire (and over Wells Fargo's objection), and thereby stifle Wells Fargo's class-based discovery critical to respond to Plaintiffs' Amended Motion for Class Certification (ECF No. 128) and obtain the dismissal of Franz Lesti from this action.

15. Litigants cannot willfully disregard this Court's Orders without consequence and this Court cannot condone this brazen conduct by Plaintiffs. Among other things, this Court should initiate contempt proceedings against Plaintiffs and particularly Franz Lesti.

16. Amy S. Rubin, Esq. and Elliot A. Hallak, as counsel of record for Wells Fargo, along with Wells Fargo's representative, appeared for the mediation on March 7, 2014 at the offices of Plaintiffs' counsel (the location agreed upon by the parties).

17. Franz Lesti did not appear for mediation on March 7, 2014.

18. Plaintiffs outrageously insisted that the mediation as to all claims of the putative class should proceed in Franz Lesti's absence, notwithstanding this Court's Orders (ECF Nos. 167 and 176) expressly directing that Franz Lesti be present at any such mediation, and even suggested that it was Wells Fargo who was acting in bad faith.

19. Wells Fargo, however, was not willing to violate this Court's Orders by commencing mediation of the putative class claims in Franz Lesti's absence.

20. Amazingly, *without contacting Wells Fargo prior to filing and after Wells Fargo wrote Plaintiffs' counsel regarding the instant motion*, on the morning of March 10,

2014, Petra Richter filed a "Notice of Defendant's Non-Compliance with Court Ordered Mediation" (ECF No. 181) suggesting that Wells Fargo failed to comply with mediation, and *conveniently failing to mention that Franz Lesti did not even appear at mediation* in accordance with this Court's Orders.

21. In fact, Plaintiffs seem to act as if Franz Lesti is no longer a party to this action, despite the law that pursuant to Fed. R. Civ. P. 41(a)(2), his dismissal can only be accomplished by order of this Court (and on terms this Court considers proper) and Wells Fargo has not yet had an opportunity to respond to the Motion to Dismiss.

22. The current mediation deadline in this matter is March 21, 2014 and Franz Lesti has been ordered (ECF Nos. 167 and 176) to appear in Florida for his deposition during March 2014.

23. In a good faith effort to resolve this issue (and subject to the approval of the Court), Wells Fargo offered to postpone the mediation to March 14, 2014 or March 31, 2014 (the dates in March 2014 available to the mediator) to allow for Franz Lesti to appear for mediation and deposition. Alternatively, Wells Fargo offered to mediate the individual claims of Petra Richter only, since all parties were present to mediate her individual claims.

24. Plaintiffs declined both of Wells Fargo's offers in this regard. Rather, Plaintiffs have apparently made it clear that they had no intention of *ever* producing Franz Lesti in Florida for mediation or deposition, notwithstanding the Orders of this Court (ECF Nos. 167 and 176).

25. As a result, and despite the presence of the mediator, Wells Fargo's counsel, and Wells Fargo's representative at Plaintiffs' counsel's office on March 7, 2014, the mediation could not proceed.

26. Plaintiffs should not be permitted to willfully violate this Court's orders, stifle Wells Fargo's discovery (and particularly class-based discovery), while at the same time requesting that this Court certify a class action. As Petra Richter is a party to Plaintiffs' Objection (ECF No. 170), and the relevant orders (ECF Nos. 167 and 170) are directed to her as well, Petra Richter is also in violation of this Court's Orders.

27. In light of the prejudice that Plaintiffs are seeking to inflict upon Wells Fargo by unequivocally and flagrantly refusing to comply with this Court's Orders, this Court should not permit this matter to proceed as a class action, and should strike and/or deny the Amended Motion for Class Certification (ECF No. 128) filed by Plaintiffs, Franz Lesti and Petra Richter, in accordance with the authority of this Court to regulate its docket and impose sanctions against parties for violating Orders of the Court.

28. Moreover, Wells Fargo has incurred significant attorneys' fees and costs in connection with Plaintiffs' willful violation of this Court's Orders (ECF Nos. 167 and 176), including, but not limited to: (i) the airfare and hotel cost for Wells Fargo's representative to travel from Minnesota to Florida for mediation; (ii) Wells Fargo's share of the cost for the mediator's preparation and attendance at Plaintiffs' counsel's office on March 7, 2014; (iii) the attorneys' fees for Wells Fargo's counsel's preparation for and appearance for mediation at Plaintiffs' counsel's office on March 7, 2014; and (iv) the attorneys' fees in connection with all motion practice in connection with the mediation and Plaintiffs' non-compliance with the Court's orders in this regard.

29. In addition to the other sanctions this Court should impose upon Plaintiffs, this Court should enter an award in favor of Wells Fargo of all fees and costs it incurred in

connection all motion practice in connection with the mediation and Plaintiffs' non-compliance with the Court's orders in this regard.

WHEREFORE, Wells Fargo Bank, N.A., respectfully requests this Court enter sanctions as it deems appropriate for Plaintiffs' willful violation of this Court's Orders, including, but not limited to: (i) the striking and/or denial of Plaintiffs' Amended Motion for Class Certification, (ii) initiating contempt proceedings against Plaintiffs, and particularly, Franz Lesti, and (iii) awarding Wells Fargo all fees and costs it has incurred in connection with Plaintiffs' violation of this Court's Orders, and enter such other and further relief as is just and proper.

### CERTIFICATE OF COMPLIANCE WITH M.D. FLA. L.R. 3.01(g)

I HEREBY CERTIFY that, in accordance with M.D. Fla. L.R. 3.01(g), the undersigned has attempted to confer with counsel for the Plaintiff in a good faith effort to resolve the issues raised in this motion, but have been unable to resolve the issues raised herein.

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of March, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated: March 10, 2014
West Palm Beach, Florida

           **FOX ROTHSCHILD LLP**

           /s/ *Amy S. Rubin*
           Amy S. Rubin (Florida Bar No.: 476048)
           arubin@foxrothschild.com
           Heather L. Ries (Florida Bar No.: 581933)
           hries@foxrothschild.com
           Elliot A. Hallak (Florida Bar No.: 762741)
           ehallak@foxrothschild.com
           Thomas C. Allison (Florida Bar No.: 35242)
           tallison@foxrothschild.com
           222 Lakeview Avenue, Suite 700
           West Palm Beach, FL 33401
           Telephone: 561.835.9600
           Facsimile: 561.835.9602

           *Attorneys for Defendant, Wells Fargo Bank, N.A.*

## SERVICE LIST
*Franz Lesti, et al. v. Wells Fargo Bank, N.A.*
Case No: 2:11-CV-695-FtM-29DNF
United States District Court, Middle District of Florida

**Electronically by CM/ECF System**
Amy S. Rubin (Florida Bar Number: 476048)
Heather L. Ries (Florida Bar No.: 581933)
Elliot A. Hallak (Florida Bar Number: 762741)
Thomas C. Allison (Florida Bar No. 35242)
Fox Rothschild LLP
222 Lakeview Avenue, Suite 700
West Palm Beach, FL 33401
Telephone: 561.835.9600
Facsimile: 561.835.9602
*arubin@foxrothschild.com*
*ehallak@foxrothschild.com*
*hries@foxrothschild.com*
*tallison@foxrothschild.com*

Stuart A. Davidson (Florida Bar Number: 084824)
Paul J. Geller (Florida Bar Number: 984795)
Robert J. Robbins (Florida Bar Number: 572233)
Cullin A. O'Brien (Florida Bar Number: 597341)
Christopher Martins (Florida Bar Number: 88733)
Bailie L. Heikkinen, (Florida Bar Number: 55998)
ROBBINS GELLER RUDMAN & DOWD LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33433
Telephone: 561.750.3000
Facsimile: 561.750.3364
*sdavidson@rgrdlaw.com*
*pgeller@rgrdlaw.com*
*rrobbins@rgrdlaw.com*
*cobrien@rgrdlaw.com*
*cmartins@rgrdlaw.com*
*bheikkinen@rgrdlaw.com*

David S. Mandel (Florida Bar Number: 38040
Nina Stillman Mandel (Florida Bar Number: 843016
MANDEL & MANDEL LLP
169 East Flagler Street, Suite 1200
Miami, FL 33131
Tel.: (305) 374-7771
Fax: (305) 374-7776

25030353v1 03/10/2014

*dmandel@mandel-law.com*
*nsmandel@mandel-law.com*

Robert F. Elgidely (Florida Bar Number: 111856)
GENOVESE JOBLOVE & BATTISTA, P.A.
200 E. Broward Blvd., Suite 1110
Fort Lauderdale, FL 33301
Telephone: 954.453.8022
Facsimile: 954.331.2907
*relgidely@gjb-law.com*

Carmen Contreras-Martinez (Florida Bar Number: 093445)
GENOVESE JOBLOVE & BATTISTA, P.A.
100 Southeast Second Street
44th Floor
Miami, FL 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310
ccontreras@gjb-law.com